[No. 3,866.]

## SARAH A. MAYO *v.* MIKE BRYTE.

ENJOINING AN EXECUTION.—If a judgment is rendered, enforcing a lien on a lot for an assessment for grading a street, a Court of Equity will not enjoin the sale of the property by execution, because the statutory period for enforcing a judgment by execution, has expired. The remedy, if any exists, is by motion in the original cause.

APPEAL from the District Court, Sixth Judicial District, Sacramento County.

On the sixth day of August, 1866, the people of the State of California obtained a judgment against John Doe, Richard Roe, Coe 10,434, and the south one third of lot No. three, in the block bounded by O and P, and Front and Second streets, in the city of Sacramento, enforcing a lien for an assessment for grading the street in front of the lot. On the seventeenth day of August, 1866, an order of sale was issued on the judgment, and placed in the hands of the Sheriff, who failed to execute it. His term of office expired on the first Monday in March, 1868, and he then returned the execution to the clerk's office. It remained in the clerk's office until the eighteenth day of October, 1872; when, without any order or motion of Court, it was placed in the hands of the Sheriff, who advertised the lot for sale. This action was brought against Bryte, the Sheriff, to enjoin the sale. The Sheriff suffered a default to be taken, and the plaintiff moved for judgment, but the Court refused to grant the motion, and entered an order dismissing the complaint. The plaintiff appealed.

*Hamilton & Dunlap*, for the Appellant.

A party in whose favor judgment is given, may, at any time within five years after the entry thereof, issue execution for its enforcement, as prescribed in this chapter. (Sec. 209 of Practice Act.)

Section 212 of Practice Act provides: "The execution may be returnable, at any time not less than ten, nor more than sixty days after its receipt by the Sheriff, to the Clerk.

* * * * When the execution shall have been returned, it shall be the duty of the Clerk to attach the same to the judgment roll."

Section 214 provides: "In all cases other than for the recovery of money, the judgment may be enforced, or carried into execution, after lapse of five years from the date of its entry, by leave of the Court, upon motion, or by judgment for that purpose, founded on supplemental pleadings."

It is contended by the appellant that a judgment for the foreclosure of a lien for an assessment for grading, etc., stands in the same position as any other lien, whether created by statute, or by act of an individual.

No appearance for the Respondent.


By the COURT:

The Court properly dismissed the complaint, because the plaintiff's remedy, if any, was by motion in the original cause, and not by an independent action.

Order affirmed. Remittitur forthwith.