PETER HUGHES v. THE RECORDER'S COURT OF THE CITY OF DETROIT.

*Municipal corporations—Public markets—Ordinances and by-laws.*

1. A city has no right, and the city (of Detroit) has never been empowered, to shut out the producers of fresh provisions and similar farm and garden articles from having convenient access to consumers.

2. The amendment to section 11 of chapter 66 of the ordinances of the city of Detroit, adopted April 5, 1889, prohibiting sales of any articles on the Central market except from stalls or stands leased or occupied by the sellers, and confining farmers and gardeners with their vehicles to the Cass and hay markets, is void.

3. The charter of the city of Detroit confers full authority upon the common council to pass and enforce ordinances to prohibit and prevent incumbering of streets, and obstructions to public travel over the streets and public places in the city, by vehicles or otherwise, *outside* of the market limits.

Application for writ of prohibition to restrain proceedings against relator under section 11 of chapter 66 of the ordinances of the city of Detroit, as amended. Heard June 18, 1889. Granted June 28, 1889 The facts are stated in the opinion.

*Wisner, Speed & Harvey,* for relator.

*John W. McGrath,* city attorney, for respondent.

CAMPBELL, J. Relator asks a final writ of prohibition to restrain proceedings against him under what he claims to be an illegal ordinance. An order to show cause was made, and the return shows these facts:

Prior to April 15, 1889, by chapter 66 of the city ordinances of Detroit, relating to public markets, the public markets of the city of Detroit were by section 1 defined as including the Cass market, which is a small triangle between

Adams, Cass, and Grand River avenues, and the Central market, which includes a space 50 feet wide, extending from the Campus Martius to Randolph street, crossed by Bates street. This section remains unchanged, and the Central market is the one referred to in our decision in the case of *Atty. General v. City of Detroit,* 71 Mich.——(38 N. W. Rep. 714), where it was held the city of Detroit could not destroy or impair it.

By section 11 of said chapter it was provided that farmers and gardeners selling and offering for sale from their vehicles the vegetable and other products of their own raising should occupy and stand with such vehicles on the two markets before named, and the eastern and western hay-markets, and by section 12 it was ordained that persons other than farmers and gardeners offering for sale similar articles from their vehicles should occupy and stand at the two hay-markets.

On the fifth of April, 1889, an amendment was adopted to section 11, prohibiting sales of any articles on the Central market except from stalls or stands leased or occupied by the sellers, and confining farmers and gardeners with their vehicles to the Cass and hay markets.

Relator is a gardener who has heretofore sold his produce from his vehicle on the Central market. Having attempted to do so after the passage of the amended ordinance, he was prosecuted in the recorder's court. It appears from the return that a suit is pending in chancery, brought by the Attorney General against the city of Detroit, to enjoin the city from enforcing the ordinance as illegal, and as being within the scope of our former decision on the duty of the city concerning the Central market. The injunction granted seems to have been dissolved, and the city authorities seem to be continuously instituting prosecutions, and not disposed to wait for a determination of the chancery suit.

The direct and only apparent effect of this ordinance as amended is to deprive the producers of market articles of

their own raising from selling their produce at first hands to consumers in the principal city market, and to compel them to be sold by holders of stalls at second-hand, driving the producers away from the chief seat of market business to remote places, which do not seem to be any more adequate for the accommodation of their vehicles than the Central market.

In the cases of *Henkel v. Detroit*, 49 Mich. 249 (13 N. W. Rep. 611), and *Atty. General v. City of Detroit*, before referred to, the importance of markets as furnishing means of direct communication between purchasers and producers was fully discussed, and this feature was treated as essential to the character of a general market. A city has no right, and the city has never been empowered, to shut out the producers of fresh provisions and similar farm and garden articles from having convenient access to consumers. The return is disingenuous in attempting to conceal the fact that the ordinance does not—as is evidently meant to be understood —merely change the location of sales and not diminish the facilities. But it in fact shuts out farmers and gardeners from the principal market, and gives no substitute for it. The purpose is too obvious to be covered up, and in reading the ordinance before and after amendment it is not even plausibly concealed. The power to prevent and punish forestalling would have nothing to operate on if people who raise their own market products can be dealt with in this way. An essential feature of a market such as we have held the Central market to be cannot be wiped out in this way.

We do not think it worth while to open and rediscuss what has been heretofore fully enough laid down, as often as the obstinacy of city officials persists in subjecting parties to litigation and the city treasury to its expenses. The attempt made to change the ordinance, and, in doing so, to disregard the decisions already made by this Court, cannot be sus-

tained, and the amendment must be held void. It follows that there can be no prosecution under it. It would be vexatious and unjust in so clear a case, where delay will destroy the season's business, to turn over parties to submission to wrong or to the expense of the multifarious and persecuting prosecutions which it is evident the city officials have been disposed to set in motion. The case is proper for restraint by prohibition, and the order for a writ will be made absolute, with costs against the city.

It may not be out of place to suggest that a decree of this Court is meant to be obeyed.

CHAMPLIN, J. I concur fully in the views expressed by Mr. Justice CAMPBELL. I wish, however, to add that the charter of the city of Detroit confers full authority upon the common council to pass and enforce ordinances to prohibit and prevent the incumbering of streets, and to prevent obstructions to public travel over the streets and public places in the city, by vehicles or otherwise, outside of the market limits.

SHERWOOD, C. J., MORSE, and LONG, JJ., concurred with CHAMPLIN, J.