CASE 7—APPLICATION BY THE CAMPBELLSVILLE TELEPHONE COMPANY AGAINST CHARLES PATTESON, CIRCUIT JUDGE, FOR A WRIT OF PROHIBITION—GRANTED.—OCTOBER 23.

# Campbellsville Tel. Co. v. Patteson Circuit Judge.

PROHIBITION—SCOPE OF WRIT—POWER TO ISSUE—ISSUANCE AGAINST CORPORATION.

Held:  Under Const., section 110, providing that the court of appeals shall have power to issue such writs as may be necessary to give it a general control of inferior jurisdictions such

court has authority to grant a writ of prohibition against a circuit judge proceeding without jurisdiction.

2. Kentucky Statutes, section 3639, provides that the validity or constitutionality of any city ordinance of fifth class cities shall be tried by a writ of prohibition from the judge of the circuit court in which such city is located, with right of appeal by either party to the court of appeals; and Civ. Code, section 479, declares that the writ of prohibition is an order of the circuit court to an inferior court of limited jurisdiction, prohibiting it from proceeding in a matter out of its jurisdiction. HELD, that a writ of prohibition could only issue to test the validity of an alleged invalid ordinance in a case where a judge was attempting to enforce the same, and could not be granted against a private corporation to prohibit it from acting under the ordinance.

HELM, BRUCE & HELM, ATTORNEYS FOR PLAINTIFF.

Without notice and without a hearing and without requiring the plaintiff to give any bond of any kind, Judge Patteson, in the suit of Thomas E. Green against The Campbellsville Telephone Company, has entered an order prohibiting said company from exercising its franchise in the town of Campbellsville or from erecting any line in front of plaintiff's particular property, until the Taylor circuit court shall act upon plaintiff's motion for a writ of prohibition in that suit, which motion is set for January 15, 1903, a period of four months from the entry of Judge Patteson's order.

We claim that this procedure is without legal warrant, and is utterly void, and the telephone company asks a writ of phohibition against Judge Patteson to prevent him from enforcing this most remarkable order.

That this court has authority to grant the writ now sought, is settled in this State. L. & N. R. R. Co. v. Miller, 23 R., 1714 and cases there cited.

The suit in which this order was entered was a suit in which Thomas E. Green (who is the clerk of the Taylor circuit court) asks for a writ of prohibition against said telephone company, and the city of Campbellsville.

Our contention is, that the court has absolutely no authority to grant a writ of prohibition in a suit by a citizen against a private corporation and a municipality, there being no proceeding pending in any court of inferior jurisdiction which the circuit court was seeking to prohibit from exceeding its jurisdiction.

"The writ of prohibition is an order of this circuit court

*to an inferior court* of limited jurisdiction prohibiting it from proceeding in a matter out of its jurisdiction." Civ. Code, sec. 479, which is to some extent modified by the present Constitution which provides that *this court* "shall have power to issue such writs as may be necessary to give it a general control of inferior jurisdictions."

If this order might, by any kind of construction be treated as a preliminary *injunction* or restraining order, it will not help it, for the provision of the Civil Code is mandatory that neither a preliminary injunction nor a restraining order can be issued *except upon the execution of a bond.* And in this case no bond was executed or required.

The code also expressly provides that a temporary injunction can only be issued on *notice* and in this case no notice was given, and no time or place fixed at which the applicant may move to grant the injunction.

We therefore ask that the writ of prohibition prayed for by the plaintiff, herein be granted, and that Judge Patteson be prohibited from enforcing the order made by him in the suit for prohibition.

### AUTHORITIES CITED.

Civil Code, sec. 479; Patten v. Stephens, 14 Bush, 324, 329; L. & N. R. R. Co. v. Miller, 23 R., 1714.

CHARLES PATTESON, FOR DEFENDANT.

I granted the temporary writ of prohibition complained of herein as provided in section 476 of the civil code, which is as follows: "During the pendency of the motion, the court or judge in vacation may make temporary orders for preventing damage or injury to the applicant until the motion is decided." I have been unable to find any authority under the code or any law requiring the execution of a bond by the plaintiff in such a proceeding; nor do I find any law requiring the plaintiff in such a case to give notice of his application for a temporary order of restraint as provided under the section of the code above quoted.

The suit of Green against The Campbellsville Telephone Company, *et al.*, as the court will observe from the petition, is, to test the validity or constitutionality of a city ordinance of a city of the fifth class. Section 3639, Kentucky Statutes, provides how such suits shall be brought as follows: "The validity or constitutionality of any city ordinance, by law or rules of the fifth class cities shall be tried by a writ of prohibition from the judge of the circuit court in which said city

Campbellsville Tel. Co. v. Patteson, Circuit Judge.

is located with right of appeal by either party to the court of appeals."

By this statute there is *enjoined* upon the circuit judge the plain and mandatory duty of hearing and determining such questions, and for the purpose of ascertaining the validity of such an ordinance to issue the writ of prohibition.

The defendant most earnestly urges and submits, that in making the temporary restraining order complained of by plaintiff, he was acting as a judicial officer of this Commonwealth and the question for this court to decide, as defendant contends, is not whether he was acting erroneously in entering said temporary restraining order, but whether he acted within his jurisdiction, and if he had jurisdiction of the parties and of the subject matter of the action, then the plaintiff's remedy is not by a writ of prohibition, but is by appeal to a court of appellate jurisdiction.

The petition which the basis of the rule asked for in this action does not allege that the defendant, as judge of the eleventh judicial district, was acting out of his jurisdiction at the time he made the temporary order of restraint complained of.

For the reasons given, we think the demurrer of the defendant to the petition should be sustained and the writ of prohibition denied.

## AUTHORITIES CITED.

Sasseen v. Hammond, 18 Ben. Monroe, 672; Preston v. Fidelity Trust Co., 94 Ky., 265; Bank Lick Turnpike Co. v. Phelps County Judge, 81 Ky., 613; Shinkle v. City of Covington, 83 Ky., 420; Gibbs v. Board of Aldermen, 95 Ky., 471; Goldsmith v. Owen, 95 Ky., 490; Civil Code, secs. 474, 475, and 476; Kentucky Statutes, sec 3639; Am. & Eng. Ency of Law, vol. 19, p. 270; *Ex parte* Rountree, 51 Ala., 42.

ADDITIONAL BRIEF BY DEFENDANT.

In this case it will be contended very forcibly that the circuit judge in the case of Green v. The Campbellsville Telephone Company, &c., in the Taylor circuit court, had no jurisdiction, or, if this be not so, then the circuit judge exceeded his legitimate power in doing what he did do. Under our statute a circuit judge has jurisdiction of all matters of the common law and all matters of the statute laws except what is specifically denied to him in express terms, and in every application for a writ of prohibition under our laws which is materially different from prohibition under the common law,

the only important question for inquiry is, as to whether the inferior tribunal is guilty of usurpation and abuse of power beyond its jurisdiction of the subject matter.

Under our statute an ordinance of the city of Campbellsville is to be tested by prohibition which we shall contend, authorizes when a petition is filed or a motion for prohibition is asked, that it then becomes the province of the court to make a temporary restraining order until a certain time which may be at any time in the discretion of the court up to and including some day in the next ensuing regular term of the court. In this case notice has been given and executed upon the defendant that the plaintiff would, on the 10th day of the January term, 1903, make such motion before the Taylor circuit court, that being the next regular term of said court. and said motion is now pending.    And when a matter is to be tried by prohibition and comes up like the matter did come up in the case of Greene v. The Telephone Company and the City of Campbellsville, it is our contention that the circuit judge in doing what he did do, that is, make a temporary restraining order, only up to the day the motion for a writ of prohibition was set for trial, did not exceed his jurisdiction and was not acting in excess of his power, when he granted the temporary writ complained of by the plaintiffs herein, but was simply acting in pursuance of section 476 of the Civil Code.

OPINION OF THE COURT BY JUDGE HOBSON—GRANTING WRIT.

On September 17, 1902, T. E. Green filed in the Taylor circuit court his petition against the Campbellsville Telephone Company and the city of Campbellsville, in which he alleged that he was a resident of Campbellsville, the owner of real and personal property therein, and a taxpayer; that the Campbellsville Telephone Company, a corporation created under the laws of this State, having its principal office at Campbellsville, had constructed its wires and poles and was operating an exchange in said city, claiming the exclusive franchise to operate and maintain same in the city for the period of 15 years from the 23d day of April, 1900, under authority of ordinances enacted by the city council of Campbellsville; that these ordinances were in conflict with section 164 of the Constitution of

the State, and in violation of section 3636, Kentucky Statutes, and were void.  He prayed an order prohibiting the telephone company from digging holes, erecting poles or stringing wires thereon, in front of his residence, or in or over the streets or alleys of the city, and that the ordinance be declared null and void.  On the filing of the petition the circuit judge made a temporary order of prohibition, as prayed in the petition, during the pendency of the motion, and until the order of the court in the action. The telephone company thereupon, on the 24th of September, filed in this court its petition against the circuit judge, setting out the above facts, and praying a writ of prohibition against him, prohibiting him from enforcing the order he had entered, and commanding him to treat the same as null and void, on the ground that he was proceeding in the matter without jurisdiction.

Under section 110 of the Constitution, this court has power to issue such writs as may be necessary to give it a general control of inferior jurisdictions.  Under this provision it has been held in a number of cases that this court has power to grant a writ of prohibition where a circuit judge is proceeding without jurisdiction.  See Railroad Co. v. Miller (23 R., 1714) 66 S. W., 5, and cases cited.  Of course, no inquiry can be made in such a proceeding as to the regularity of the action of the circuit judge, if he had jurisdiction.  However erroneous it may have been, his action can only be reviewed by appeal, if he had jurisdiction to act at all.  No question, therefore, arises as to the sufficiency of the petition that was presented to him.  The only question is did he have power to grant a writ of prohibition in the premises?  The order can not be treated as an injunction, for the reason that it appears from the record that an injunction had been granted, which was dis-

solved by a judge of this court, and under the Code an injunction can not be obtained where one injunction has already been dissolved. The order must therefore be treated as an order of prohibition, and was unwarranted if the circuit judge was without authority to grant a writ of prohibition in such a case. Section 3639, Kentucky Statutes, is relied on as conferring such jurisdiction: "The validity or constitutionality of any city ordinance, by-law or rules of the fifth class cities shall be tried by a writ of prohibition from the judge of the circuit court in which said city is located with right of appeal by either party to the court of appeals." In Patton v. Stephens, 77 Ky., 324, a similar provision of the charter of the city of Covington was before this court. That provision was in these words: "The validity of the ordinance shall be tried by writ of prohibition from the circuit court, which may be granted by any circuit judge out of term, or by the court having jurisdiction over said city; and each party shall have the right to appeal or prosecute a writ of error to the court of appeals." Acts 1849-50, p. 261. Similar provisions were made in the charters of many other cities and towns, and when, upon the adoption of the new Constitution, general laws were passed for the government of these municipalities, the same provision was made for testing the validity of the ordinance. The provision of the Kentucky Statutes is, in substance, the same as that of the charter of the city of Covington above quoted. Construing this provision, the court said: "The remedy here provided can only be invoked by one against whom a proceeding under an ordinance is pending in an inferior court. The writ of prohibition is directed to a judicial tribunal, and not to a legislative body, such as the city council." This construction of the statute has been acquiesced in by the Legislature, and

can not be departed from after so many years; for it must be presumed that, when the Legislature brought over into the general laws for the government of the cities the provision which had thus been construed, it did so in view of the interpretation which the language had received, and the settled practice under those statutes. This construction harmonizes the statute with the Code of Practice and the well-settled common-law rule. By section 479 of the Civil Code, "the writ of prohibition is an order of the circuit court to an inferior court of limited jurisdiction prohibiting it from proceeding in a matter out of its jurisdiction." At common law the writ only lay to restrain judicial tribunals from unauthorized judicial acts. It could not be used to prevent the performance of ministerial acts, nor could it be sued to restrain executive officers or private persons or corporations. 16 Ency. Pl. & Prac., 1102, 1108. The reason for the distinction is that the writ of injunction affords an adequate remedy in actions against private persons or corporations or ministerial officers. The purpose of the statute seems to have been not to change the character of a writ of prohibition which was so well settled, but to authorize the issuance of the writ where persons were proceeded against under ordinances which were claimed to be invalid, thus securing them an adequate remedy; for there might be no appeal, and the cost of defending a multitude of suits made it necessary to have some more summary way of testing the validity of the ordinance at the outset. In this case the defendants who were proceeded against by the writ of prohibition were the telephone company, a private corporation, and the city of Campbellsville. No remedy was sought against any judicial officer, and, under the rule of construction announced in the case re-

ferred to, the circuit judge was not authorized by the statute to issue the writ of prohibition in the contest.

The motion is therefore sustained, and the writ of prohibition from this court may issue as prayed in the petition.

CASE 8—ACTION TO RECOVER DAMAGES FOR THE DEATH OF PLAINTIFF'S INTESTATE.—OCTOBER 23.

