(120 App. Div. 814)

PEOPLE ex rel. METZ, Comptroller, v. DAYTON, Justice, et al.

(Supreme Court, Appellate Division, First Department. July 17, 1907.)

1. COURTS—CO-ORDINATE JURISDICTION—STATUTES—CONSTITUTIONALITY.

Laws 1907, p. ——, c. 538, providing for a recount and recanvass of the votes cast for the office of mayor in the November, 1905, election in cities of the first class, having been held constitutional by the Appellate Division of the Second Department, a writ of prohibition to restrain the enforcement of such act would not be granted by the Appellate Division of the First Department; the act being purely local and affecting only the city of New York, a part of which is within both the First and Second judicial departments, though the judges sitting in the First department were unanimously of the opinion that the act was unconstitutional.

**2. PROHIBITION—SCOPE OF REMEDY.**

Laws 1907, p. 1123, c. 538, providing for a judicial recount of the ballots cast for the office of mayor in the November, 1905, election in cities of the first class, declares that such proceedings shall have precedence over all other business of the court, and allows an appeal only from a final order to the Appellate Division of the Supreme Court, without any provision authorizing an application to the court by any party to vacate the original order, or to stay such recount, and without allowing an appeal from any interlocutory order or determination of the court, expressly declaring that there shall be no appeal to the Court of Appeals. *Held,* that prohibition is the proper remedy of an officer and taxpayer, claiming that the act is unconstitutional, to restrain proceedings thereunder.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Prohibition, § 7.]

**3. APPEAL—STAY.**

Where a writ of prohibition to restrain proceedings under Laws 1907, p. ——, c. 538, providing for judicial recount of the vote for mayor cast at the November, 1905, election in cities of the first class, on the ground that the act was unconstitutional, was denied solely because of a decision of the Appellate Division of the Second Department that the act was constitutional, a stay pending appeal to the Court of Appeals would be granted on condition that relators appealed within 10 days after entry of the order, under Code Civ. Proc. §§ 2101, 2102, authorizing the court to grant such stay on terms.

Application by the people, on relation of Herman A. Metz, as comptroller, etc., of the city of New York, individually and as a taxpayer, and others, against Charles W. Dayton, a justice of the Supreme Court, and others, to prohibit proceedings in such court under Act June 18, 1907 (Laws 1907, c. 538), providing for a judicial recount and recanvass of the votes cast for the office of mayor at the election of November 7, 1905, in all cities of the first class in which the ballots have been preserved, etc. Writ denied, and proceedings stayed pending time granted for an appeal to the Court of Appeals.

Argued before INGRAHAM, McLAUGHLIN, CLARKE, LAMBERT, and HOUGHTON, JJ.

Francis K. Pendleton, Corp. Counsel, William B. Crowell, and Jeremiah S. Richards, for relators.

Clarence J. Shearn, for respondents.

PER CURIAM. We have had an opportunity of examining the opinion of the Appellate Division of the Second Department in an application similar to the present, upon which was presented the question of the constitutionality of chapter 538, p. 1123, of the Laws of 1907, upon the determination of which this application depends. We are unanimously of the opinion that this act violates several provisions of the Constitution, among others those discussed by the dissenting opinion, with which we concur, as devolving upon the Supreme Court purely administrative or ministerial duties which the Constitution provides shall be performed by certain officers to be appointed in pursuance of its provisions. As, however, this act is purely local, affecting only the city of New York, a part of which city is within the limits of each of these judicial departments, we think the orderly administration of justice requires that this court should follow the determination of a court of co-ordinate jurisdiction where the same question was presented, so as to avoid a conflict between the two departments affect-

ing parts of the same territory. Therefore, notwithstanding our individual opinions, we will follow the decision of the Second Department and deny this application.

The respondents raise before this court a question which does not seem to have been raised before the Appellate Division of the Second Department, namely, that a writ of prohibition is not a proper remedy, as the relators can review the constitutionality of this act by appeal. One of the relators is the comptroller of the city of New York, who asks for the interposition of the court, as such comptroller and also as a taxpayer, to prevent a misuse of the public funds, which, if the act is unconstitutional, would necessarily follow were the act to be carried into effect. It is not apparent how the comptroller of the city of New York, who is not a party to the original proceeding under the act, could present any application to the Supreme Court. He certainly would have no right to move to vacate any order granted under the provisions of this act, as he is not a party to the proceeding. The act is mandatory, requiring the Supreme Court in any judicial district within which any election districts affected are situated to proceed to a summary canvass of the vote in any election district specified in the petition. It requires the court to grant an order appointing commissioners to canvass the ballots one by one. It provides that these proceedings shall have precedence over all other business of the court, and provides for a final order, based upon the report of the commissioners and the determination of the court, which shall supersede the returns of the election officers that had been filed, and, if it shall change the previous declared result of the election, shall supersede the certificates theretofore issued by any board or officer. The act then allows an appeal from such final order to the Appellate Division of the Supreme Court. There is no provision authorizing any application to the court by any party to the proceeding to vacate the original order, or to stay such a recount and recanvass of the vote, and no provision allowing an appeal from any interlocutory order or any determination of the court, except the final order; and the statute expressly prescribes that there shall be no appeal from the final order of the Appellate Division to the Court of Appeals.

The intent of the statute, therefore, would seem to be to expressly limit appeals to the one appeal, namely, from the final order of the Special Term to the Appellate Division; and there is no method by which the constitutionality of this act can be reviewed by the Court of Appeals, either by appeal from final or interlocutory orders. In People ex rel. Durye v. Durye, 188 N. Y. 440, 81 N. E. 313, the Court of Appeals, in considering the question as to whether an interlocutory order in a habeas corpus proceeding was appealable to the Appellate Division, expressly held that the Appellate Division had no jurisdiction to review such an interlocutory order, because the right of appeal was limited to the final order by section 2058 of the Code of Civil Procedure. The plain intent of this act is that the proceeding before the court at Special Term should be summary; and we think it would be destructive of the declared intention of the act to allow appeals from interlocutory orders, and that it was the intention of the Legislature to require the court to proceed in a summary way to the recount

and canvass of these votes, confining the right to review any questions presented to an appeal from the final order of the Special Term to this court, with an express prohibition of any appeal to the Court of Appeals. It would seem, therefore, that these relators have no remedy by appeal, and that a writ of prohibition is the proper remedy, within the principles established in People ex rel. Hummel v. Trial Term, 184 N. Y. 30, 76 N. E. 732, and People ex rel. Livingston v. Wyatt, 186 N. Y. 383, 79 N. E. 330.

The question presented is one of the jurisdiction of the Supreme Court to entertain the respondents' application. If this act is a valid exercise of the legislative power, the duty is imposed upon the court of entertaining the application. If the act is void, as violating the Constitution, the Supreme Court has no jurisdiction of the proceeding. The question presented, therefore, relates exclusively to the jurisdiction of the Supreme Court; and, where a court is proceeding without jurisdiction, prohibition has always been held to be the proper way to restrain such unwarranted action. In High on Extraordinary Legal Remedies, at page 549, it is said:

"The writ of prohibition may be defined as an extraordinary judicial writ, issuing out of a court of superior jurisdiction and directed to an inferior court, for the purpose of preventing the inferior tribunal from usurping a jurisdiction with which it was not legally vested. * * * The object of the writ being to restrain subordinate judicial tribunals of every kind from exceeding their jurisdiction, its use in all proper cases should be upheld and encouraged, since it is of vital importance to the due administration of justice that every tribunal vested with judicial functions should be confined strictly to the exercise of those powers with which it has been by law intrusted."

See Appo v. People, 20 N. Y. 531; People ex rel. Jerome v. Court of General Sessions, 112 App. Div. 424, 98 N. Y. Supp. 557, affirmed 185 N. Y. 504, 78 N. E. 149.

The right of the court to stay proceedings is expressly authorized by sections 2101 and 2102 of the Code of Civil Procedure; and, considering the serious effect upon the administration of justice in this department which will inevitably follow upon the proper performance of the duties thrust upon the Supreme Court by this act and the large expense which will be imposed upon the city of New York, and entertaining the views before expressed, we think that the order denying the application should contain a provision by which all proceedings under the act are stayed pending the determination by the Court of Appeals of the question as to the constitutionality of the act, upon condition, however, that the relators appeal from the order entered upon this application within 10 days from its entry.