STATE ex rel. CARRIGAN v. BOWMAN, City Court Judge.

No. 2294. Decided December 14, 1911 (119 Pac. 1037).

1. PROHIBITION—ADEQUACY OF OTHER REMEDY. Under the Constitution and statute authorizing appeals to the District Court from final judgments of the City Court, and from the District Court to the Supreme Court when the validity of an ordinance is involved, and under the statute authorizing prohibition where there is not a plain, speedy, and adequate remedy in the ordinary course of law, prohibition does not lie to restrain a City Court from proceeding with the trial of petitioner, charged in the City Court with violating a city ordinance, on the ground of the invalidity of the ordinance, in the absence of anything to show wherein the remedy by appeal is not speedy or adequate, or in the absence of any allegation that petitioner is in custody, or that he is unable to give bail, so that he will be held in custody pending an appeal, in case of conviction. (Page 92.)

2. PROHIBITION—ADEQUACY OF OTHER REMEDY. Where the validity of a statute or ordinance is involved, prohibition will not be granted in advance of the trial in the inferior court, where the question is presented, when a plain remedy by appeal is afforded, though it may be that the higher court will, when the question is presented to it, determine that the statue or ordinance is invalid, and that the inferior court is without jurisdiction, unless it appears that to require petitioner to pursue the remedy by appeal or writ of review will deprive him of some present right, or seriously embarass him in the exercise thereof. (Page 94.)

APPEAL from District Court, Third District; *Hon. T. D. Lewis,* Judge.

PROHIBITION by H. J. Carrigan against J. M. Bowman, Judge of the City Court of Salt Lake City.

Judgment denying the writ and dismissing the petition. Petitioner appeals.

AFFIRMED.

*D. O. Willey* and *H. J. Robinson* for appellant.

*H. J. Dininny* and *P. J. Daly* for respondent.

STRAUP, J.

Carrigan, upon a complaint filed in the criminal division of the City Court of Salt Lake City, was charged with a violation of a city ordinance. He there demurred, upon the grounds that the complaint did not state facts sufficient to constitute an offense, and that the court was without jurisdiction, for the reason that the ordinance upon which the complaint was founded was unconstitutional. The court overruled the demurrer, took the defendant's plea, and set the case for trial. He then applied to the District Court for a writ of prohibition to restrain the City Court from further proceeding in the case. These matters were all alleged in the affidavit for the writ. The ordinance and the particulars wherein it is claimed it is invalid were also fully set forth, and the allegations made that the inferior tribunal, for that reason, was without jurisdiction, and, unless restrained, would proceed in the case. It is further averred, in the language of the statute, that the petitioner had no "plain, speedy and adequate remedy in the ordinary course of law." Upon this affidavit, an alternative writ and order to show cause was issued and directed to the judge of the City Court. He demurred to the affidavit, raising questions of remedy and sufficiency of facts to entitle the petitioner to the demanded relief. The demurrer was sustained, and a judgment rendered against the petitioner, denying the writ and dismissing the proceedings. Whether the court denied the writ on the ground that the ordinance was valid, or on the ground of remedy, is not made to appear. From that judgment, the petitioner has appealed.

He again at the threshold is here met with the question of remedy. Our statute (Comp. Laws 1907, c. 70) provides that the writ of prohibition arrests the proceedings of a tribunal, etc., when such proceedings are without or in excess of the jurisdiction of such tribunal, etc., and may be issued in all cases where there is "not a plain,

:speedy and adequate remedy in the ordinary course of law."
The petitioner asserts that the ordinance is invalid, and
for that reason the City Court was without jurisdiction
to entertain a complaint founded upon the ordinance, or to
further proceed, and that the writ should issue to restrain
the further threatened proceedings. If the ordinance is in-
valid, it of course follows that the City Court was without
jurisdiction, for the complaint is founded, and the prosecu-
tion of the charged offense is dependent, upon the ordi-
nance. But, to entitle the petitioner to the writ, he is not
only required to show that the tribunal sought to be re-
strained is without, or acting in excess of, jurisdiction, but
also that he has no plain, speedy, and adequate remedy in the
ordinary course of law. Both the Constitution and the stat-
ute give the right of appeal to the District Court from all
final judgments of the City Court, and in such case from the
District Court to the Supreme Court, when the validity
of a statute or an ordinance is involved. That remedy is
plain. It is guaranteed, both by the Constitution and the
statute. An allegation to the contrary cannot prevail. Or-
dinarily that remedy is also speedy and adequate in the
sense in which those terms are generally understood. Noth-
ing is alleged to show wherein that remedy, in the case in
hand, is not speedy or adequate. It is not even alleged that
the petitioner is in custody, or that he is unable to give bail,
or that, because of his inability to give a bond, or otherwise,
he will be held in custody pending an appeal, in case of con-
viction in the City Court under the alleged void ordinance.

Upon this point the petitioner has contented himself by
merely citing cases where the writ was granted to restrain
proceedings under unconstitutional acts or ordinances. The
case of *Pennington v. Woolfolk,* 79 Ky. 13, is cited to that
effect. But, under the Kentucky statute (*Patten v. Stephens,*
77 Ky. [14 Bush] 324, *Campbellsville Tel. Co. v. Patteson,*
*Circuit Judge,* 114 Ky. 52, 69 S. W. 1070), it is in ex-
press terms provided that the validity or constitutionality
of a city ordinance, etc., shall. be tried by a writ of prohibi-
tion. In the cited case of *Hughes v. Recorder's Court,* 75

Mich. 574, 42 N. W. 984, 4 L. R. A. 863, 13 Am. St. Rep.
475, the restraint by prohibition was held proper, because
the action of the municipal officers in attempting to en-
force the ordinance was in utter disregard of the decisions
already made by the Supreme Court, and was vexatious, and
led to multifarious "prosecutions which it is evident the city
officials have been disposed to set in motion." This was so
apparent that the court felt the necessity to state that "it may
not be out of place to suggest that a decree of this court is
meant to be obeyed." In the cited case of *State ex rel. v.
Eby,* 170 Mo. 497, 71 S. W. 52, the court, in holding that
the remedy by appeal was there not adequate, observed that if
the relators were not granted the relief by prohibition they
"would be compelled to go to trial in 1203 cases; then, if de-
feated, would have to give bond in each case, take an appeal
in each case, pay for a transcript in each case, pay a docket
fee in each case of ten dollars, amounting in the aggregate
to $12,030, as well as counsel fees in each court; conse-
quently it must be conspicuously obvious that such appeals,
although available, would be inadequate to meet the emer-
gencies of the case." In the case of *People v. Dayton,* 120
App. Div. 814, 105 N. Y. Supp. 809, it is not made to ap-
pear that the relator had a remedy by appeal. In the case
of *Judy v. Lashley,* 50 W. Va. 628, 41 S. E. 197, 57 L. R.
A. 413, the question of another or proper remedy was not
raised or considered.

Where the validity of a statute or ordinance is involved,
we think the general and better rule obtains that a writ of
prohibition will not be granted in advance of the trial or
determination in the inferior court, where the question is
presented, when a plain remedy by appeal is afforded,
though it may be that the higher court will, when
the question is presented to it, determine that the stat-
ute or ordinance is invalid, and the inferior court without
jurisdiction, unless it is made to appear that to require the
applicant to pursue the remedy by appeal or writ of review
will deprive him, or seriously embarrass him in the exercise
of, some present right. (Notes to cases in the case of *State*

*v. Superior Court,* 111 Am. St. Rep. 964.) We may here say, as was well said by the court in the case of *State v. Rost,* 49 La. Ann. 1451, 22 South, 421, that:

"Ordinarily we exercise supervisory jurisdiction by writs of *certiorari* and prohibition only in unappealable cases, leaving errors committed in appealable cases, or questions affecting the validity of the statute upon which the prosecution is based, to be corrected or decided in due course on appeal. . . . Cases may arise where the court, in the exercise of a sound discretion, and in furtherance of the ends of justice, will exert the control and supervision of inferior courts" by prohibition, "even in cases where an ultimate appeal lies. But they must be cases of peculiar circumstances or extreme urgency or necessity, which take them out of the general rule referred to. We do not deem the instant case to be of that character."

The necessary delay and expense of an appeal ordinarily furnish no sufficient reasons for holding that the remedy by appeal is not adequate or speedy. To hold otherwise is to hold that all appeals are not adequate or speedy, for all involve some delay and expense.

We think the writ was properly denied upon the ground of remedy, and hence express no opinion upon the validity of the ordinance. The judgment of the court below is therefore affirmed, with costs.

FRICK, C. J., and McCARTY, J., concur.