THORNTON et al. v. EVANS, Judge, et al.

No. 3408.   Decided November 20, 1919.   (185 Pac. 454.)

1.  PROHIBITION—HEARING OF PREMATURE APPEAL.  Prohibition is the proper remedy to prevent the district court from hearing an appeal from a city court taken prematurely.[1]  (Page 270.)

2.  APPEAL AND ERROR—DISMISSAL OF PREMATURE APPEAL.  An appeal taken prematurely is of no avail, and should be dismissed on application.[2]  (Page 270.)

3.  COURTS—PREMATURE APPEAL FROM CITY TO DISTRICT COURT.  Under Comp. Laws Utah, 1917, section 7514, where no judgment was actually entered in the city court until January 9th, notice and undertaking on appeal filed by defendant the preceding December 9th were premature and ineffectual for purposes of an appeal to the district court, despite a stipulation of the parties that the clerk might enter judgment dated nunc pro tunc as of November 26th.[3]  (Page 271.)

Application for prohibition by C. E. Thornton and others against *P. C. Evans,* as Judge of the District Court of Salt Lake County, and J. M. Thomas.

Alternative writ ordered to be made permanent.

*Ben F. Johnson,* of Salt Lake City, for plaintiffs.

*J. M. Thomas,* of Salt Lake City, for defendants.

CORFMAN, C. J.

September 30, 1918, J. M. Thomas commenced an action in the city court of Salt Lake City against C. E. Thornton et al., for the recovery of a money judgment.  Said cause was duly

---

[1] *State ex rel. Grant* v. *First Judicial District Court et al.,* 38 Utah, 138, 110 Pac. 981, Ann. Cas. 1913B, 437; *State ex rel. Walton* v. *Third Judicial District Court of Salt Lake Co.,* 36 Utah, 502, 105 Pac. 105; *Parker, County Attorney,* v. *Morgan, Dist. Judge,* 48 Utah, 405, 160 Pac. 764.

[2] *Robinson* v. *Salt Lake City,* 37 Utah, 520, 109 Pac. 817; *Lukich* v. *Utah Const. Co.,* 46 Utah, 317, 150 Pac. 298.

[3] *Anderson* v. *Mercantile Co.,* 30 Utah, 31, 83 Pac. 560.

tried in said court November 18, 1918, and thereupon taken under advisement by the judge thereof until November 23, 1918, when said court rendered its decision orally in favor of defendants.

On December 9, 1918, before any findings of fact, conclusions of law, or any judgment had been prepared and signed in said cause, the plaintiff therein filed a notice and undertaking on appeal to the district court for Salt Lake county. Thereafter, January 9, 1919, and before any judgment had been entered in said city court, the respective parties to said cause stipulated in writing therein as follows:

"It is hereby stipulated by and between the plaintiff and the defendants herein that findings of fact and conclusions of law are hereby waived herein, and the clerk may enter the judgment made by the court without any findings of fact, conclusions of law, or judgment signed by the court and dated *nunc pro tunc* as of November 26, 1918."

After the filing of said stipulation in the city court, January 9, 1919, a judgment was reduced to writing pursuant to said stipulation, and entered (as we may assume, although there is no record before us to so show) in said cause as of date November 26, 1919, and on January 10, 1919, the clerk of said court transmitted the files in said cause to the Third district court for Salt Lake county, whereupon the defendants in said cause moved said district court to dismiss the appeal for want of jurisdiction, upon the ground that the same had been prematurely taken, which motion was denied. It is further made to appear by the affidavit and petition presented to this court on application for a writ of prohibition that said district court now assumes jurisdiction of said cause, and will, unless restrained by order of this court, proceed to try the same.

Upon the showing thus made before this court an alternative writ was issued. The defendants herein filed an answer in which the foregoing facts are admitted. The answer also denies the allegation of the plaintiffs that the district court is without jurisdiction to proceed with said cause, and also affirmatively alleges that the plaintiffs have an adequate, plain, and speedy remedy at law in said district court. It is

also alleged, in substance and effect, by the answer herein, that the term of office of the trial judge, before whom the said cause had been tried in the city court, expired November 26, 1918, before findings of fact, conclusions of law, or judgment had been prepared and signed by said judge, and thereupon the respective parties entered into the stipulation hereinbefore set forth that a judgment might be entered by the clerk in form and manner aforesaid as of November 26, 1918, so that the defendants in said cause might have a judgment entered in accordance with the oral decision of the said judge, and for the further purpose of obviating the necessity of the plaintiff filing a new notice and undertaking on the appeal thus prematurely taken in said cause to the district court.

As we view the case before us on application for writ of prohibition, there is but one question for us to decide, Is the attempted appeal taken by the plaintiff in said **1, 2** cause from the city court to the district court valid, so that the district court may assume jurisdiction and legally proceed to try the case upon its merits? Some claim, however, is made by the answer that the plaintiffs have a plain, speedy, and adequate remedy in the district court, and therefore prohibition is not the proper remedy. We think the following cases are controlling, and fully determine that in cases of the character under consideration this court stands committed that prohibition is the proper remedy. *State ex rel. Grant* v. *First Judicial District Court et al.*, 38 Utah, 138, 110 Pac. 981, Ann. Cas. 1913B, 437; *State ex rel. Walton* v. *Third Judicial District Court of Salt Lake Co.*, 36 Utah, 502, 105 Pac. 105; *Parker, County Atty.* v. *Morgan, Dist. Judge*, 48 Utah, 405, 160 Pac. 764. It is equally well settled in this and other jurisdictions that if an appeal is taken prematurely it will be of no avail, and upon application should be dismissed. *Robinson* v. *Salt Lake City*, 37 Utah, 520, 109 Pac. 817; *Lukich* v. *Utah Const. Co.*, 46 Utah, 317, 150 Pac. 298; Hayne, New Trial and Appeal, vol. 2, section 204 (Rev. Ed.).

In the authority last cited, where the decisions from the several state courts bearing on the question are collated, it is said:

"An appeal under our practice is purely the creature of statute. * * * Whether taken too early or too late, appeals, or attempted appeals, taken otherwise than in the manner or within the time prescribed by the Code, may be said to be abortive. They accomplish nothing. Such an appeal not only does not take the case to the higher court, but it really leaves it undisturbed in the trial court, just as though no attempt had been made to remove it. * * * *"

The same author, in speaking of the date or time from which an appeal may be taken, further says:

"From the statutory provisions it is to be noticed that the time to take an appeal from a judgment begins to run from the actual entry thereof in the judgment book, and from orders, from the date of entry in the minutes, if made in open court. * * * When a judgment has been entered *nunc pro tunc* as of a prior date, the time to appeal begins to run from the date of the actual entry." Section 205, and cases cited in note 9." Comp. Laws Utah, 1917, section 7514; *Lukich* v. *Utah Const. Co.*, 48 Utah, 453, 160 Pac. 270.

It being an admitted fact that no judgment was actually entered in the city court until January 9, 1919, the notice and undertaking on appeal filed by the defendant December 9, 1918, must be held as premature and ineffectual for the purposes of an appeal to the district court, regardless of the purport of the stipulation of the parties. *Anderson* v. *Mercantile Co.*, 30 Utah, 31, 83 Pac. 560.

It necessarily follows that the district court has no jurisdiction to proceed with the trial of the case on its merits, nor to do more than dismiss the pretended appeal for want of jurisdiction.

It is therefore ordered that the alternative writ of prohibition heretofore issued by this court be made permanent, and the costs of this proceeding be taxed to the defendant J. M. Thomas.

FRICK, WEBER, GIDEON, and THURMAN, JJ., concur.