CONSTRUCTION SECURITIES CO. v. DISTRICT COURT OF THIRD JUDICIAL DISTRICT IN AND FOR SALT LAKE COUNTY et al.

No. 5541. Decided January 8, 1935. (39 P. [2d] 707.)

*Paul B. Cannon* and *Cheney, Jensen & Marr,* all of Salt Lake City, for plaintiff.

*Rawlings & Wallace,* of Salt Lake City, for defendants.

EPHRAIM HANSON, Justice.

This is an original proceeding for a writ of prohibition. There are no disputed facts. From the affidavit and petition in support of the writ, and from the answer of the defendants, we gather the following facts: On March 8, 1932, a default judgment in the sum of $263.12 was rendered in the city court of Salt Lake City in favor of the plaintiff and against defendant Floyd Williams. On April 28, 1932, another default judgment was rendered by the same court and in favor of plaintiff and against the same defendant in the sum of $170.57. Both judgments were for installment payments which were past due and unpaid according to a contract to purchase certain real property. On June 16, 1932, plaintiff herein filed its complaint and commenced another action in the city court against Floyd Williams and his wife to set aside the transfer of an automobile from Floyd Williams to his wife, plaintiff alleging that such transfer was in fraud of his rights as a judgment creditor of Williams under the aforementioned judgment in the city court. Williams and his wife, filed their written answer to the complaint, and Mr. Williams signed and verified the same July 30, 1932. As an affirmative defense to the complaint, it was alleged that on or before May 15, 1932, the plaintiff declared a forfeiture of the contract to purchase a certain parcel of real property, and that said contract provided that upon forfeiture the payments made

on said contract should be retained by plaintiff as liquidated damages; that, having forfeited the contract and taken possession of the property which was the subject of the contract, all payments made on the contract were forfeited by defendant in liquidation of all damages sustained by plaintiff by reason of the defendant's default in making payment of the first and second installments; and, as a result, said judgments were "null and void and of no effect, same having been merged in said contract and having been satisfied as part of the liquidation as and in accordance with the terms of said contract."

The action last above mentioned was later dismissed by plaintiff, wtihout prejudice, and another identical action was brought by plaintiff against Williams and his wife in the district court of Salt Lake county to set aside the transfer of said automobile from Williams to his wife for the same reason and upon the same grounds as pleaded in the city court. Williams and his wife filed their answer to paintiff's complaint in the district court; the answer being signed and verified by Mr. Williams, December 30, 1932. In the answer the same affirmative defense is set up in identically the same language as was employed in the city court answer, and which we have heretofore set out. In each of their answers, however, it was alleged they had no information as to whether the judgments relied upon had been rendered against Mr. Williams, and for want of such information, defendants denied the allegations, but set out the renditions of said judgments, their dates, and respective amounts.

This last suit was tried before the district court, and findings of fact were signed and entered therein, the court finding, among other things, that the judgments in the city court were null and void in the identical language of the defendants' answer. It should be observed, however, that neither the conclusions of law nor the decree entered on the findings of fact made any reference to these judgments. The court merely decreed that plaintiff take nothing, and

that the automobile be released to Mr. Williams. Counsel for defendants, in their brief, herein, concede that the judgment and decree of the district court did not in any particular affect the judgments which were made and entered in the city court.

On July 25, 1933, written notices of the said judgments obtained by the plaintiff against Mr. Williams in the city court were served upon Mr. Williams. On August 23, 1933, less than thirty days thereafter, Mr. Williams served and filed his notice of appeal from the judgments rendered in the city court to the district court of Salt Lake county. Thereafter plaintiff herein moved to dismiss said appeals on the ground that the notices of appeal had not been served and filed within thirty days after notice of judgment or within thirty days after waiver by Mr. Williams of notice of entry of judgment. An affidavit was filed in support of said motion which, in substance, set forth the facts above outlined. No counter affidavit was filed by defendant, so the judge presiding at the hearing had before him, in passing upon plaintiff's motion to dismiss said appeals, only the affidavit of plaintiff. The court denied said motion to dismiss the appeals and assumed jurisdiction and set the two cases for trial. Plaintiff then applied to this court for a writ of prohibition claiming the district court had no jurisdiction to entertain such appeals inasmuch as the appeals had not been taken within the time allowed by law. In this connection it is plaintiff's contention that defendant Floyd Williams, by referring to the judgment in the city court in his answers both in the city court and in the district court, asserting therein that the same were null and void, thereby waived the notice of judgment, and the time for taking the appeal began to run as of the date the answer was filed in the city court. An alternative writ of prohibition was issued upon the affidavit and petition of plaintiff. The matter is now before us upon the order to show cause why the writ should not be made permanent.

It is urged by defendant that the facts are wholly

insufficient to warrant or justify the granting of a peremptory writ of prohibition. Before an applicant will be entitled to have the writ issued in his favor, he must show that the "tribunal sought to be restrained is ▆ without, or acting in excess of, jurisdiction," and "that he has no plain, speedy, and adequate remedy in the ordinary course of law." R. S. Utah 1933, 104-69-1, and 104-69-2; *State ex rel. Carrigan* v. *Bowman*, 40 Utah 91, 119 P. 1037, 1038. It is not contended that plaintiff does not have an adequate legal remedy by appeal. Where there is an adequate remedy in the ordinary course of law, the writ is not demandable as a matter of right, but will issue only in the exercise of a sound judicial discretion. *In re Rice, Petitioner*, 155 U. S. at page 402, 15 S. Ct. 149, 39 L. Ed. 198; *Oldroyd* v. *McCrea*, 65 Utah 142, 235 P. 580, 40 A. L. R. 230; *Barnes* v. *Lehi City*, 74 Utah 321, 279 P. 878. To justify a departure from the general rule thus announced, some extraordinary circumstance or extreme emergency or necessity must appear, such that the court ought, in the exercise of a sound discretion, to invoke this extraordinary remedy. The mere necessary delay and expense of an appeal "ordinarily furnish no sufficient reasons for holding that the remedy by appeal is not adequate or speedy. To hold otherwise is to hold that all appeals are not adequate or speedy, for all involve some delay and expense." *State ex rel. Carrigan* v. *Bowman*, supra; *Union Portland Cement Co.* v. *Public Utilities Commission*, 56 Utah 175, 189 P. 593; *Bankers' Trust Co.* v. *District Court*, 62 Utah 432, 220 P. 708.

Both judgments in the city court above referred to are in excess of $100 and so indicate that the amount involved in each suit exceeds that amount, and therefore any judgment rendered by the district court on a trial de novo would be appealable to the Supreme Court.

We find no special or peculiar facts or circumstances in the case which appeal to the sound discretion of the court such that would furnish a justification for resorting to this

extraordinary remedy. There is nothing to indicate that plaintiff's right of appeal is not a plain, speedy, and adequate remedy. Plaintiff has cited *Thornton* v. *Evans*, 55 Utah 268, 185 P. 454. It is not disclosed in that case that right of appeal from the district court to the Supreme Court existed, as the amount in controversy is not stated. But since the court, in its decision, cites and relies upon two decisions of this court in which a judgment of a justice's court was involved and where the judgment of the district court would have been final, it is fair to assume that such was the condition in the Thornton Case.

The case of *Hale* v. *Barker*, 70 Utah 284, 259 P. 928, is also cited and relied upon by plaintiff. It is true that plaintiff there had a remedy by appeal, but a casual reading of the case will show that, in the situation there presented, there were ample reasons to appeal to the judicial discretion of the court to invoke the extraordinary remedy of mandamus, which was done. The plaintiffs in that case brought their action in the district court of Weber county, the county in which plaintiffs resided and where the cause of action arose. The defendants in the original cause resided in Salt Lake county. It was upon that ground only that defendants sought to have the action removed to Salt Lake county for trial. The court made its order transferring the cause to Salt Lake county for trial over the plaintiffs' objection and exception thereto. It was to oblige the court of Weber county to hear and determine the controversy that the extraordinary writ was issued. A moment's reflection plainly shows that in such a situation plaintiffs' remedy by appeal would not have been speedy nor adequate; that the court, in granting the writ, was acting in the exercise of a sound discretion.

We are of the opinion that plaintiff in the present case has a plain, speedy, and adequate remedy by appeal, and so hold. The alternative writ heretofore issued is quashed, and plaintiff's application for a peremptory writ is hereby denied. As this disposes of the case, we do not deem it

necessary to decide the question as to whether defendant had by his answers as hereinbefore set out waived notice of the entry of the judgments rendered against him in the city court, and that by reason of such alleged waiver, and the consequent lapse of time in which notice of appeal might be given, the district court had jurisdiction to entertain such appeals. Costs to defendants.

STRAUP, C. J., and ELIAS HANSEN, FOLLAND, and MOFFAT, JJ., concur.