CHARLES DUCHENEAU, RESPONDENT v. ELWIN A.
IRELAND AND ANOTHER, APPELLANTS.

*Vide People* v. *House*, 4 Utah, 369.

PROHIBITION.—Writ of prohibition will be issued only where there is
    no plain, speedy and adequate remedy at law.
ID.—EXECUTION UPON DOCKETED JUDGMENT OF A JUSTICE OF THE
    PEACE.- Where a transcript of a judgment of a Justice of the
    Peace was. filed in the district court under section 784, code of
    civil procedure, and execution issued thereon out of the district
    court, and the judgment and execution were regular upon their
    face, a writ of prohibition against officer from enforcing the ex-
    ecution will not lie, the officer acting in accordance with his
    legal authority.
ID.—ADEQUATE REMEDY AT LAW.—Where execution was issued as
    above, upon an erroneous judgment of Justice of the Peace, the
    remedy was by motion in the district court to quash the execu-
    tion, and prohibition will not lie.

APPEAL from a judgment of the district court of the first
district.    The opinion states the facts.

*Mr. Charles S. Varian* for appellants.

*Mr. James N. Kimball* for respondent.

BOREMAN, J.

On the thirtieth day of March, 1885, D. P. Tarpey and
Henry Phillips filed a complaint with a justice of the peace
against said Charles Ducheneau for trespassing upon land.
A summons was on that same day issued and served.    On
the fourth day of April following, the justice rendered
judgment by default against said Ducheneau for $169.12,
and costs.    On that same day, but after the entry of the
judgment, said Ducheneau filed his answer therein.    After-
wards said Ducheneau sued out a writ of *certiorari*, and
from the judgment of the district court vacating the judg-
ment of the justice an appeal was taken to this court, where
the judgment of the district court was reversed and the
cause remanded, with directions to the district court to

quash and dismiss the writ of *certiorari*.   Upon the filing
of the *remittitur* in the district court the writ was accord-
ingly dismissed; and thereupon the judgment of the justice
was docketed in the office of the clerk of the district court,
and execution issued thereon.   A writ of prohibition
was then sued out by said Ducheneau from the district
court, against the United States marshal and one of his
deputies, wherein judgment was given in favor of said
Ducheneau, prohibiting the officers from enforcing the ex-
ecution, and from such judgment this appeal was taken.

The writ of prohibition may issue to arrest proceedings
which are without or in excess of the jurisdiction of the
officer purposing to do some objectionable thing; but it
can only issue where there is not a plain, speedy, and ade-
quate remedy in the ordinary course of law.   Under the
act of congress of 1874, commonly known as the "Poland
Act," it is the duty of the United States marshal "to serve
and execute all process and writs issued out of" the district
court.   The territorial statute which authorizes the dock-
eting of the justice's judgment with the clerk of the district
court authorizes "that execution may be issued thereon by
the district clerk" to the United States marshal, and "in
the same manner and with like effect as if issued on judg-
ments of the district court."   Code Civil Proc. Sec. 784,
(Laws of Utah, 1884, p. 298.)   The judgment of the justice
thus docketed with the district clerk did not thereby tech-
nically become the judgment of the district court.   *People*
v. *Doe*, 31 Cal. 220; *Martin* v. *Mayor, etc., of N. Y.*, 20
How. Pr. 86; *Martin* v. *Mayor, etc., of N. Y.*, 11 Abb. Pr.
295.   But for the pupose of issuing and controlling the
execution it is in effect the judgment of the district court
under the territorial statute referred to.   The objects,
among other things, of filing and docketing the judgment
with the clerk of the district court is to obtain the process
of the district court to enforce it, and to secure such en-
forcement through the ministerial officers of that court.
The issuance, therefore, and the enforcement of the exe-
cution, are district court matters, and as much so as if the
judgment had been rendered in the district court.   The
judgment and execution were regular upon their face, and

their validity was not in question. So far, therefore, as appears upon the papers, there is nothing to show that the marshal or his deputy was acting in excess of or without their jurisdiction.

When this case was formerly before us, on another appeal, it was decided that the judgment was erroneous. It was not held to be void, and we do not deem it to have been void, on the case as then made. It was contended then that the judgment of the justice was void for the reason that the summons required the defendant in that action to appear sooner, and that the judgment was rendered sooner than the statute authorized. The summons was regularly served on the defendant in the action, and from the time of such service the justice had jurisdiction of the party defendant; and the subsequent proceedings of the justice, so far as anything appeared in that appeal, were not void, however erroneous they may have been. *Sims* v. *Gray*, 5 Reporter, 504; *Ballinger* v. *Tarbell*, 16 Iowa, 492; *Town of Lyons* v. *Cooledge*, 89 Ill., 529; Freem. Judgm. 126; *Whitwell* v. *Barbier*, 7 Cal., 63; *Ducheneau* v. *House*, 4 Utah, 369.

The defendant in that action was treated as having an adequate remedy in the ordinary course of law by appeal. On the case as there presented we see no reason for changing the ruling. But in the case as now presented our attention is called to the nature of the answer filed by the defendant in that action before the justice, which is alleged to have put in issue the title to real estate. The settlement of the title to real estate is not within the jurisdiction of a justice of the peace, and where in any controversy before a justice, the title to real estate "in anywise comes in question," the justice is ousted of jurisdiction in the case, and all of his actions looking to the enforcement of the judgment are utterly void. When an answer is filed putting in issue the title to real estate, the justice's duty is to suspend all further proceedings and certify the pleadings to the district court as provided in the Territorial statute. Sec. 707 Code Civ. Proced. Laws of 1884, p. 286. Instead of so certifying the case, the justice furnished a transcript of the judgment to the plaintiffs in the case and they

caused it to be filed with the clerk of the district court, and upon it execution issued. The question arises whether there is for the defendant in that action any remedy in the ordinary course of law.

If the answer was presented to the justice for filing within the time required by statute and the title to real estate was put in issue by it, and the time for appealing from the judgment has expired, we are yet of the opinion that there is a plain and adequate remedy by way of motion in the district court. This remedy is urged by the appellants as plain and adequate and it appears to us to be such. *Mayo* v. *Bryte*, 47 Cal. 626, Code Civil Proced. Sec. 52, Subdiv. 5 and 8.

The officer who has the execution is the ministerial officer of the district court out of which the execution is issued, and in all matters concerning the execution he is under its control, and the execution is itself under the control of that court. For this reason, therefore, we deem that an independent action is unnecessary, as there is the remedy by motion, whereby the execution may be quashed, if a proper showing be made, and proper relief may be granted.

The judgment of the distrct court is accordingly reversed with costs to appellant.

ZANE C. J. and HENDERSON J. concurred.