THE PEOPLE OF THE TERRITORY OF UTAH,
Ex Relatione, ANNA MARKS, Petitioner, *v.*
JOHN E. HILLS, Commissioner, Respondent.

THE PEOPLE OF THE TERRITORY OF UTAH,
Ex Relatione, WILLIAM HOLT, Petitioner, *v.*
JOHN E. HILLS, Commissioner, Respondent.

COMMISSIONERS OF SUPREME COURT, JURISDICTION OF.—Under section 7 of Act of Congress of March 3, 1887 (Edmunds-Tucker Law), a commissioner of the supreme court exercising the powers of a justice of the peace at any particular place or precinct, has only the same powers and jurisdiction as a justice of the peace for the same place or precinct.

PROHIBITION—WHEN ISSUED.—Where a commissioner is proceeding to try a cause, where he has jurisdiction of the subject matter, but not jurisdiction of the persons, there is a plain, adequate and speedy remedy at law by appeal or certiorari, and prohibition will not lie.

ORIGINAL petitions for writs of prohibition. The opinion states the facts.

*Mr. S. R. Thurman, Mr. George Sutherland* and *Mr. David Evans*, for petitioners.

*Mr. J. G. Sutherland* and *Mr. A. G. Sutherland*, for respondent.

HENDERSON, J.:

In both these causes a writ of prohibition is petitioned for, to prohibit the defendant from further proceeding in civil causes now pending before him. The defendant is a commissioner of this court, and is proceeding, against the objection of the relators, to exercise jurisdiction over them in civil causes now pending against them, respectively, before the said defendant at the city and precinct of Provo, in Utah county. The residence of the parties in both of said actions is such that a justice of the peace, acting as such in said Provo city and precinct, would have no jur-

isdiction over the relators under the statutes of this terri-
tory. These facts and conditions are conceded. On the
presentation of the petitions, this court was inclined to
leave the relators to their remedy in the cases by appeal
or *certiorari*, but we are urged by counsel for all the
parties to hear arguments, and determine the territorial
limits of a commissioner's jurisdiction when acting as a
justice of the peace.

The defendant claims jurisdiction over the relators, and
the right to proceed in the cases, under section 7 of the act
of Congress of March 4, 1887, known as the "Edmunds-
Tucker Act," which is as follows: "That commissioners
appointed by the supreme court and district courts in the
Territory of Utah shall possess and may exercise all the
powers and jurisdiction that are or may be possessed or
exercised by justices of the peace in said territory, under
the laws thereof, and the same powers conferred by law
on commissioners appointed by circuit courts of the United
States." It is argued by counsel for defendant that the
limitation in the section quoted to "powers and jurisdic-
tion" refers only to subject-matter, and only limits the
jurisdiction of commissioners to the subjects or causes of
action over which justices have jurisdiction, but that as
the officers whom Congress has made justices are officers
of territorial jurisdiction; therefore, they may exercise
and perform the duties of justices of the peace in any
part of the territory, and, acting as such in any part or
precinct of the territory, they may issue their process,
to, and it may be served anywhere in the territory; and
that they thereby acquire jurisdiction over the parties,
notwithstanding the statutes of the territory providing
territorial limits beyond which parties shall not be sum-
moned before a justice of the peace. This argument, in
one sense, and to a limited extent, is no doubt correct.
The commissioners appointed by this court are not ap-
pointed to exercise their duties in, and their official char-
acter is not confined to, any particular part of the terri-
tory, but they are commissioners over the whole territory,
and there is probably no limit as to the place where they
may act as such; but, when a commissioner at any place

or precinct in the territory assumes the duties of a jus-
tice of the peace, under the act in question, was it the
intention of Congress to do more than to duplicate in
him the office of justice of the peace at that place? We
think not. If this defendant can issue his summons
from and returnable at Provo precinct, directed to a resi-
dent of Juab county, and upon its service in that county
take jurisdiction over him, then it is plain that he exer-
cises a power and jurisdiction that no justice of the peace
can exercise.

We are of opinion that when a commissioner proceeds to
exercise the powers and jurisdiction of a justice of the
peace under the statute in question, at any particular
place or precinct, he has the same powers and jurisdic-
tion over subjects and persons that he would have if he
were a legally constituted justice of the peace, authorized
and empowered by the laws of the territory to act and
exercise the duties of his office at that place or precinct,
and no other or greater. The construction contended for
by counsel for defendant would lead to results unjust,
burdensome, and utterly at variance with the policy which,
under all systems of jurisprudence in this country, pro-
vides inferior courts for the determination of local con-
troversies of limited importance. Under it a citizen might
be summoned to remote parts of the territory hundreds of
miles from his residence, to answer the most trivial causes,
and be there compelled to select juries; and in case he saw
fit, or sufficient cause existed, to remove the case under the
statute from the commissioner who issues the process, to
have the cause against him transferred to a justice who
would have no original jurisdiction, and, in case of appeal,
the cause go into a district court other than the one in
which he resides or was served. Indeed, it would at once
nullify or set aside all the laws of the territory respecting
the place where causes cognizable by the justice of the
peace should be tried. This was not the intention of
Congress. It was only intended to duplicate justices of
the peace in other persons, and thereby give another
class of citizens than those from which it was supposed
justices were usually chosen representation in these offices,

upon equal terms, and not with such additional powers and privileges as are claimed by the defendant, and not for the purpose of annulling the laws of the territory, but only to provide further means for their execution. We are therefore of the opinion that the defendant is proceeding erroneously, without jurisdiction over the relators.

The remedy by writ of prohibition, provided for by our statute (Laws 1884, pages 326, 327) is the common law writ recognized and regulated by statute. Section 983 of the statute above cited only authorizes the court to issue the writ "where there is not a plain, speedy and adequate remedy in the ordinary course of law." This is the rule at common law. High, Extr. Rem., sec. 765. In the cases sought to be arrested by the writ asked for in these causes, the subject-matters are those over which justices and commissioners have jurisdiction. The commissioner is only proceeding without jurisdiction over the persons. This objection has been made by the relators, and the commissioner has erroneously decided against them. The statute has provided a remedy in the causes by appeal or *certiorari,* and this is the ordinary course of law. Where the legislature has provided a remedy for correcting an error in a cause by a proceeding in the cause itself, it must be taken to be the plain, speedy, and adequate remedy in due course of law, which takes from the party the right to resort to an extraordinary remedy which is not in due course of law: High, Extr. Rem., secs. 767, 770-772; *Ex parte Peterson,* 33 Ala., 74; *Ex parte Braudlacht,* 2 Hill, 367; *State* v. *Judge of County Court,* 11 Wis., 50; *Ex parte Gordon,* 2 Hill, 363; *People* v. *Marine Court,* 36 Barb., 341; *Duchenau* v. *House,* 4 Utah, 369; *Duchenau* v. *Ireland,* ante p. 108.

For this reason the petitions are denied. We entertain no doubt that the commissioner is acting in good faith, as there has been diversity of opinion in the profession and among commissioners as to the construction of the statute under consideration; and upon calling his attention to this opinion he will undoubtedly desist from any further action not in conformity to it.

ZANE, C. J., concurred.

BOREMAN, J., concurred, the matter being one of sound discretion of the court; but he had some doubts as to the appeal being a speedy and adequate remedy.