# UNION PORTLAND CEMENT CO. v. PUBLIC UTILITIES COMMISSION OF UTAH.

No. 3452.   Decided April 9, 1920.   (189 Pac. 593.)

1. PROHIBITION—WHERE WRIT NOT PERMISSIVE FOR ONE REASON UN-NECESSARY TO DECIDE OTHER OBJECTIONS. Where an original application for writ of prohibition must be denied because plaintiff has plain, speedy, and adequate remedy at law, it will be unnecessary to decide some other questions raised against issuing the writ.

2. PROHIBITION—WRIT NOT ALLOWED TO PREVENT HEARING BY PUBLIC UTILITIES COMMISSION WHERE LEGAL REMEDY EXISTS. An application for prohibition to prevent the Public Utilities Commission from passing upon the reasonableness of a light and power contract under the Public Utilities Act (Comp. Laws 1917, sections 4788, 4789), in view of section 7408, permitting such writ only where there is no plain, speedy, or adequate remedy at law, must be denied in view of the exclusive remedy found in section 4834 by certiorari and by mandamus in proper cases.

3. PROHIBITION—MOOT QUESTIONS SHOULD NOT BE DETERMINED. Moot questions or questions not necessary to be determined in the disposal of original proceeding for prohibition should ordinarily be deferred until their determination becomes necessary in the administration of justice.

4. PROHIBITION—CERTIORARI OR MANDAMUS AFFORDS ADEQUATE LEGAL REMEDY. The remedy provided by Public Utilities Act (Comp. Laws 1917, section 4834), in case of review of contracts by the Public Utilities Commission, furnishes, by way of the common civil code remedy of certiorari and by mandamus in the proper case, an exclusive, plain, speedy, and adequate remedy at law which precludes writ of prohibition.[1]

5. PROHIBITION—WRIT DENIED WHERE PROCEEDING TERMINATED THOUGH CONSTITUTIONAL QUESTION INVOLVED. A writ of prohibition may be denied in certain cases where the proceeding has not terminated in a final order or judgment, and also in such cases even though the proceeding is challenged on constitutional grounds.

6. PROHIBITION—WRIT DENIED WHERE APPEAL WOULD NOT SERIOUSLY EMBARRASS PETITIONER. A writ of prohibition may be denied,

where it is not made to appear that to require applicant to pursue the remedy by appeal or writ of review would deprive him, or seriously embarrass him in the exercise, of some present right.

7. PROHIBITION—WRIT DENIED AGAINST PUBLIC UTILITIES COMMISSION HAVING DISCRETIONARY POWER. It is the duty of the court unless prevented by fundamental principles, to give heed to legislative policy as announced by the Public Utilities Act (Comp. Laws 1917, section 4834), providing exclusive remedy of review by certiorari or mandamus of orders made by the Public Utilities Commission in dealing with contracts, the commission having discretionary power therein, so that prohibition should be denied.

Original application by the Union Portland Cement Company against the Public Utilities Commission of Utah for writ of prohibition to restrain defendant from exercising jurisdiction to pass upon the reasonableness of a certain electric light and power contract.

ALTERNATIVE WRIT QUASHED, AND PEREMPTORY WRIT DENIED.

*H. H. Henderson, Wade M. Johnson,* and *Charles R. Hollingsworth,* all of Ogden, for plaintiff.

*Dan B. Shields,* Atty. Gen., and *Jas. H. Wolfe, O. C. Dalby,* and *H. Van Dam, Jr.,* Asst. Attys. Gen., for defendant.

*James F. MacLane, Charles C. Parsons, Rawlins, Ray & Rawlins,* and *Dickson, Ellis, Lucas & Adamson,* all of Salt Lake City, amici curiæ.

¹ *Campbell* v. *Durand,* 39 Utah 126, 115 Pac. 986; *Carrigan* v. *Bowman,* 40 Utah 94, 119 Pac. 1039.

THURMAN, J.

This is an application for a writ of prohibition prohibiting and restraining the Public Utilities Commission of Utah (hereinafter called the commission) from assuming or ex-

ercising jurisdiction to pass upon the reasonableness or un-
reasonableness of a certain contract described in the com-
paint.  The complaint shows that plaintiff is, and at all times
referred to has been, a corporation engaged in the manufac-
ture of cement in Morgan county, Utah; that on or about
the 23d day of November, 1912, plaintiff entered into a con-
tract with the Utah Power Company, a corporation organ-
ized and existing under the laws of the state of Maine and
authorized to transact business in the state of Utah, where-
by said Utah Power Company agreed to deliver to plaintiff
at its place of business in said Morgan county electric
power in any quantity which plaintiff might need. not
exceeding 3,000 electrical horse power, for use in oper-
ating plaintiff's plant by motors and for the purpose of
lighting plaintiff's premises; that in consideration of said
electric power to be so furnished said plaintiff agreed to pay
said Utah Power Company at least $2,000 per month; that
said contract was to remain in force for ten years and until
terminated by either party upon six months' notice in writ-
ing to the other party; that thereafter, in the year 1914,
the Utah Power & Light Company (hereinafter called the
power company) took over said contract and assumed the
obligations thereunder from the said Utah Power Company,
and ever since said year has performed all the conditions of
said contract; that said power company is also a corpora-
tion organized under the laws of the state of Maine and is
authorized to do business as a corporation in this state and
is in good standing; that since the year 1913 the said power
company and its predecessor in interest have been paid by
plaintiff a yearly compensation of about $60,000 for electrical
power furnished plaintiff by said power company; that said
contract has been fully performed and is now being per-
formed by all the parties to the same, and neither party to
said contract is seeking to have the same set aside, annulled,
or modified; that at all times mentioned the said power
companies and the plaintiff were authorized under the laws of
this state and by their articles of incorporation to enter into
said contract, and at the time it was entered into as above

stated there was no constitutional provision or legislative enactment prohibiting or limiting the terms of such contract; that on February 27, 1917, the Utah Legislature passed an act entitled "An act creating a Public Utilities Commission, defining public utilities, prescribing the powers and duties of the commission," etc. (Laws 1917, chapter 47), which act was, on the 8th day of March next following, approved by the Governor and thereafter became effective and is now in full force and effect; that said commission, appointed under and in pursuance of said act, on or about the 27th day of September, 1919, issued a certain order as follows:

"Examination having been made by the commission of certain special contracts entered into by and between the Utah Power & Light Company and certain of its customers, under which the said Utah Power & Light Company has been and now is giving service, furnishing energy for light and power purposes.

"And it appearing from such examination that the rates, charges, facilities, privileges, rules and regulations provided in such special contracts, are not in accordance with the rates, charges, facilities, privileges, rules and regulations set out in the published schedules of said Utah Power & Light Company lawfully on file with this commission, or with the provisions of contracts based upon such lawfully published schedules, entered into by and between the said Utah Power & Light Company and others of its customers, under which service is being concurrently given;

"And it further appearing that said special contracts are discriminatory and preferential; * * *

"And it further appearing that the following named persons and corporations are parties to the said contract * * * Union Portland Cement Company: * * *

"Now, therefore, upon motion of the commission:

"It is ordered, that for the purpose of making a full and complete investigation and inquiry into the provisions of such contracts, and each of them, and into all matters pertaining thereunto, the said Utah Power & Light Company and the persons and corporations above named, be notified and cited to appear before the commission at its office, Room 303 State Capitol, Salt Lake City, Utah, on the 11th day of November, 1919, at 10 o'clock a. m., then and there to justify the continuing in effect of such special contracts, and the rates, charges, facilities and privileges granted thereunder, and to show the reasonableness and equity of such rates, charges, facilities and privileges, and further to show that they are not in contra-

vention of the provisions of said section 4789 of the Compiled Laws of Utah, 1917."

It is further alleged in the complaint that said order was duly served on the plaintiff; that said plaintiff thereafter, before any evidence was taken by said commission under said order, appeared and filed a motion and demurrer objecting to the jurisdiction of said commission to hear and determine the matter set out in its said order, for the reason that plaintiff's contract with said power company was entered into prior to the passage by the Legislature of said act above referred to; that said motion and demurrer were overruled and denied on January 27, 1920, and said commission then and there held that it had jurisdiction to hear and determine whether said contract was discriminatory, preferential, or otherwise, and said commission is now proceeding to take evidence.  The complaint further alleges that said commission is acting without authority to investigate the terms of said contract, and is without jurisdiction to enter an order changing or modifying the terms thereof, for the reason that said order or decree would be in violation of the Constitution of the United States providing that no state shall pass any law impairing the obligation of contracts, and is likewise in violation of a similar provision of the Constitution of this state.

It is further alleged that said contract between plaintiff and the power company was not entered into in pursuance of any ordinance or franchise granted by the state of Utah, or pursuant to any ordinance or franchise of any legal subdivision of said state; that plaintiff has no plain, speedy, and adequate remedy at law, and therefore prays that an alternative writ issue and defendant be required to show why said writ should not be made permanent.

The alternative writ was issued, and the defendant, by the Attorney General of the state, thereafter appeared and moved to quash the writ and dismiss the proceeding upon the ground that it appears upon the face thereof that the facts stated are wholly insufficient to justify the issuance of either an alternative or permanent writ, or to constitute a cause of action against the defendant.

The motion to quash challenges the jurisdiction of the court to hear or determine the issues presented by the complaint or to proceed further in the case.

At the hearing on the motion the representatives of divers persons and corporations and not parties to the record but interested in the questions involved were permitted to appear as friends of the court, participate in the proceedings, and file briefs in support of their respective contentions.

Many interesting questions have been presented for our consideration, some of which are of far-reaching importance and under ordinary circumstances would require of the court its most painstaking and deliberate consideration. Instructive briefs have been filed by all the attorneys appearing in the cause, evincing a conscientious desire on their part to assist the court in arriving at correct conclusions concerning the questions presented. The court, however, is of the opinion that it is not only unnecessary but, under the circumstances, would be unwise at this time to enter upon a discussion of the question of jurisdiction raised by the motion to quash; for, in any event, the court is of the opinion the writ should be denied as it appears on the face of the complaint that plaintiff has a plain, speedy, and adequate remedy for the grievances of which it complains. Other considerations, though not of controlling importance, tend to influence the court not to discuss at this time the question of jurisdiction raised by the motion to quash. Recent decisions of the Supreme Court of the United States which have been called to our attention seem to go very far towards solving the question of jurisdiction in cases of this kind. We especially refer to the case of *Kansas City Bolt & Nut Co.* v. *Kansas City Light & Power Co.*, 251 U. S. —, 40 Sup. Ct. —, 64 L. Ed. —, decided without opinion on the 22d day of March, 1920, since this cause was submitted. The case was appealed from a decision of the Supreme Court of Missouri, a report of which will be found in 275 Mo. 529, 204 S. W. 1074. The judgment of the Missouri court was affirmed. The case, in its main features, is identical in principle with the case at bar. It is not necessary at this time to review the case.

By this action it is sought to arrest the proceedings of the commission in its attempt to consider and pass upon the effect of a certain contract existing between plaintiff and the power company fixing the rate to be charged by said company for electric power furnished plaintiff at its place of business in Morgan county, Utah.  The commission was proceeding under and in pursuance of certain provisions of the Public Utilities Act found in Comp. Laws Utah 1917, Section 4788 and 4789, which read as follows:

"4788.  Except as in this section otherwise provided, no public utility shall charge, demand, collect, or receive a greater or less or different compensation for any product or commodity furnished or to be furnished, or for any service rendered or to be rendered, than the rates, tolls, rentals, and charges applicable to such products or commodity or service as specified in its schedules on file and in effect at the time, nor shall any such public utility refund or remit, directly or indirectly, in any manner or by any device, any portion of the rates, tolls, rentals, and charges so specified, nor extend to any corporation or person any form of contract or agreement, or any rule or regulation, or any facility or privilege except such as are regularly and uniformly extended to all corporations and persons; provided, that the commission may by rule or order establish such exceptions from the operation of this prohibition as it may consider just and reasonable as to each public utility.

"4789.  No public utility shall, as to rates, charges, service, facilities, or in any other respect, make or grant any preference or advantage to any corporation or person, or subject any corporation or person to any prejudice or disadvantage.  No public utility shall establish or maintain any unreasonable difference as to rates, charges, service, facilities, or in any other respect, either as between localities or as between classes of service.  The commission shall have the power to determine any question of fact arising under this section."

Coming, now, to the question of remedy:   Comp. Laws Utah 1917, Section 7408, limiting the functions of the writ of prohibition, says:

"It may be issued by the Supreme Court   *   *   *   to an inferior tribunal, or to a corporation, board or person, in all cases where there is not a plain, speedy, and adequate remedy in the ordinary course of law."

High on Extraordinary Legal Remedies (3d Ed.) at page 708, says:

"The appropriate function of the remedy is to restrain the exercise of unauthorized judicial or quasi judicial power, which is regarded as a contempt of the state or sovereign, and which may result in injury to the state or to its citizens. Three conditions are necessary to warrant the granting of the relief:  First, that the court, officer or person against whom it is sought is about to exercise judicial or quasi judicial powers; second, that the exercise of such power is unauthorized by law; third, that it will result in injury for which no other adequate remedy exists."

The same author in the same connection also says:

"Being an extraordinary remedy, however, it issues only in cases of extreme necessity."

2 Spelling on Extraordinary Relief, at page 1395, defines the nature and function of the writ:

"The writ of prohibition is that process by which a superior court prevents an inferior court or tribunal from usurping or exercising a jurisdiction with which it has not been vested by law. It is an extraordinary writ, because it only issues when the party seeking it is without other adequate means of redress for the wrong about to be inflicted by the act of the inferior tribunal."

Such is the doctrine of the common law and also the doctrine prevailing in this jurisdiction, at least so far as any question raised in this case is concerned.          2

The Legislature of this state in the Public Utilities Act has undertaken to provide a remedy for all questions finally determined by the commission.  Comp. Laws, 1917, Section 4834, reads as follows:

"Within thirty days after the application for a rehearing is denied, or, if the application is granted, then within thirty days after the rendition of the decision on rehearing, the applicant may apply to the Supreme Court of this state for a writ of certiorari or review (hereinafter referred to as a writ of review) for the purpose of having the lawfulness of the original order or decision or the order or decision on rehearing inquired into and determined. Such writ shall be made returnable not later than thirty days after the date of the issuance thereof, and shall direct the commission to certify its record in the case to the court. On the return day, the cause shall be heard by the Supreme Court, unless for a good reason shown the same be continued. No new or additional evidence may be introduced in the Supreme Court, but the cause shall be heard on the record of the commission as certified to by it. The review shall not be extended further than to determine whether the commission has regularly pursued its authority, including a determination of

whether the order or decision under review violates any right of the petitioner under the Constitution of the United States or of the state of Utah. The findings and conclusions of the commission on questions of fact shall be final and shall not be subject to review. Such questions of fact shall include ultimate facts and the findings and conclusions of the commission on reasonableness and discrimination. The commission and each party to the action or proceeding before the commission shall have the right to appear in the review proceedings. Upon the hearing the Supreme Court shall enter judgment either affirming or setting aside the order or decision of the commission. The provisions of the Code of Civil Procedure of this state relating to writs of review shall, so far as applicable and not in conflict with the provisions of this title, apply to proceedings instituted in the Supreme Court under the provisions of this section. No court of this state (except the Supreme Court to the extent herein specified) shall have jurisdiction to review, reverse, correct, or annul any order or decision of the commission, or to suspend or delay the execution or operation thereof, or to enjoin, restrain, or interfere with the commission in the performance of its official duties; provided, that the writ of mandamus shall lie from the Supreme Court to the commission in all proper cases."

As will be seen, the remedy provided is by certiorari or writ of review, and it cannot be denied that the last sentence of the section above quoted undertakes to make the remedy execlusive, except that "the writ of mandamus shall lie from the Supreme Court to the commission in all proper cases."

It is not necessary in the present case to enter upon a discussion of the question whether the Legislature in view of the provisions of the state Constitution could entirely dispense with the remedy by writ of prohibition as to all questions arising before the commission. That question can be solved whenever an emergency arises which requires its solution. The court is not attempting to evade its responsibility. It has found by experience that moot questions, or questions not necessary to be determined in the disposal of a case, ordinarily, would better be deferred until the determination of the question becomes necessary in the administration of justice.

The question with which we are now concerned is: Is the remedy provided by the Legislature, set forth in the section above quoted, plain, speedy, and adequate? If it is, we have no discretion, and the writ prayed for should be denied.

The matter complained of by plaintiff is that the commission is attempting to exercise jurisdiction over and concerning a certain contract between plaintiff and the power company, which said contract is inviolable under both the federal and state Constitutions prohibiting the passage of any law impairing the obligation of contracts. Assuming this to be true, plaintiff's complaint fails utterly to show that its rights under the contract are in immediate jeopardy, or that it will or can be subjected to any sacrifice or serious inconvenience by allowing the proceeding to take its course until the commission finally makes its findings and conclusions. Even in plaintiff's brief there is no contention that plaintiff will suffer any loss or that any right that it has will be imperiled in the slightest degree by waiting until the findings and conclusions of the commission are announced. Furthermore, counsel appearing as friends of the court in their discussion of this question have ably and elaborately shown that plaintiff has another plain, speedy, and adequate remedy provided by the Legislature. To this contention plaintiff has failed to make any reply or to otherwise explain to the court why the remedy referred to is not sufficient.

Referring to the statute, section 4834, it will be noted that the remedy provided by the Legislature is not new in this jurisdiction. Both in substance and in form it is the same writ of certiorari or review provided by our Code of Civil Procedure. It cannot therefore be contended that the remedy is new or unheard of, or that it is any other than one with which the people of Utah, and especially the courts and members of the bar, are already familiar. The remedy provided by the Legislature expressly provides for the protection of rights under the Constitutions of this state and of the United States. It is one of the remedies known to the law, the existence of which defeats the remedy by prohibition. *Campbell v. Durand*, 39 Utah 126, 115 Pac. 986. See, also, *Carrigan v. Bowman*, 40 Utah 94. 119 Pac. 1039, which, in principle, · is strikingly in point. Plaintiff in that case was charged with the violation of a city ordinance of Salt Lake City. He demurred to the complaint, among other things, on the ground

that the court was without jurdisdiction for the reason that the ordinance upon which the complaint was founded was unconstitutional.   The court overruled the demurrer, took the defendant's plea, and set the case for trial.   Defendant then 'applied to the district court for a writ of prohibition. In that court the defendant, who was the city judge, demurred to the complaint raising both the question of remedy and sufficiency of facts.   The district court sustained the demurrer, entered judgment denying the writ and dismissing the proceedings.   From that judgment the petition appealed.   This court, in the course of its opinion, at page 94 of 40 Utah, at page 1039 of 119 Pac. said:

"Where the validity of a statute or ordinance is involved, we think the general and better rule obtains that a writ of prohibition will not be granted in advance of the trial or determination in the inferior court, where the question is presented, when a plain remedy by appeal is afforded, though it may be that the higher court will, when the question is presented to it, determine that the statute or ordinance is invalid, and the inferior court without jurisdiction, unless it is made to appear that to require the applicant to pursue the remedy by appeal or writ of review will deprive him, or seriously embarrass him in the exercise, of some present right."

The case just reviewed is pertinent here on four district grounds:   (1) The writ of prohibition may be denied in certain cases, even where the proceeding has not terminated in a final order or judgement;  (2) it may be denied in such cases even though the proceeding is challenged on constitutional grounds;  (3) it may be denied unless it is made to appear that to require the applicant to pursue the remedy by appeal or writ of review would deprive him, or seriously embarrass him in the exercise, of some present right; and finally (4), the writ will be denied where the petitioner has another plain, speedy, and adequate remedy.   The court in that case also held, at page 95 of 40 Utah, that the delay and expense of an appeal ordinarily furnished no sufficient reason for holding that the remedy by appeal is not adequate or speedy.   The same may be said as to the remedy by writ of review.

Besides this, it appears in the proviso at the end of section 4788, above quoted, that the commission in dealing with con-

tracts apparently discriminatory and preferential as to rates is not bound by hard and fast rules. It has the power, by rule or order, to establish such exceptions as are just and reasonable as to each public utility. The discretion thus conferred on the commission to attempt to do justice in all cases, irrespective of the nature or provisions of any particular contract, or agreement, in all probability accounts for the attempt on the part of the Legislature to dispense with all such remedies as might interfere with the functions of the commission until it has announced its final conclusions. The law as framed is in effect an announcement of the policy which the Legislature deemed wise and expedient in this class of cases. It is the duty of the court, unless prevented by fundamental principles binding alike upon both the Legislature and the court, to give heed to the legislative policy thus announced and endeavor to give it full force and effect. In that regard the present case presents no difficulty whatever. The remedy provided by the Legislature in section 4834 is sufficient. It is plain, speedy, and adequate.

It is therefore ordered that the alternative writ heretofore issued herein be quashed and a peremptory writ denied, at plaintiff's costs.

CORFMAN, C. J., and FRICK, WEBER, and GIDEON, JJ., concur.