# BANKERS' TRUST CO. v. DISTRICT COURT OF WEBER COUNTY et al.

No. 4056.    Decided November 20, 1923.    (220 Pac. 708.)

1. PROHIBITION—WRIT USED WITH CAUTION AND FORBEARANCE. The writ of prohibition is the most extraordinary of the prerogative writs, and is to be used with caution and forbearance.[1]

2. PROHIBITION—WRIT NOT ISSUED TO PROHIBIT DISTRICT COURT FROM ADJUDGING GARNISHEE IN CONTEMPT FOR DISOBEDIENCE OF ORDER DIRECTING TRANSFER OF STOCK TO SHERIFF. Under Comp. Laws 1917, § 7408, providing for issuance of writ of prohibition where there is no plain, speedy, and adequate remedy in the ordinary course of law, the writ will not be issued to prohibit the district court from adjudging garnishee in contempt for disobedience of order directing garnishee to turn over shares of stock to the sheriff on theory that the court erroneously construed its answer, and erroneously declined to set its order aside on garnishee's motion, in view of garnishee's right to appeal from such order, under section 6753.[2]

3. APPEAL AND ERROR—GARNISHEE COULD APPEAL FROM ORDER DIRECTING TRANSFER OF PROPERTY TO SHERIFF. Under Comp. Laws 1917, § 6753, providing for an appeal from any final judgment or order in garnishment proceeding, garnishee could appeal from order directing it to turn over property to sheriff under an execution against it.

Original proceeding for writ of prohibition by the Bankers' Trust Company against the District Court of Weber County and Hon. George S. Barker and Hon. James S. Kimball, Judges thereof.

ALTERNATIVE WRIT QUASHED, and proceeding dismissed.

---

[1] *Campbell* v. *Durand*, 39 Utah, 118, 115 Pac. 986.

[2] *Ducheneau* v. *Ireland*, 5 Utah, 108, 13 Pac. 87; *Overland Min. Co.* v. *McMaster*, 19 Utah, 177, 56 Pac. 977; *State ex rel.* v. *Morse*, 27 Utah, 336, 75 Pac. 739, 1 Ann. Cas. 711; *Campbell* v. *Durand*, 39 Utah, 118, 115 Pas. 986; *State ex rel. Carrigan* v. *Bowman*, 40 Utah, 91, 119 Pac. 1037; *Union Portland Cement Co.* v. *Pub. Utilities Comm.*, 56 Utah, 175, 189 Pac. 593.

*Dickson, Ellis & Adamson* and *C. C. Parsons,* all of Salt Lake City, for plaintiff.

*H. H. Henderson,* of Ogden, for defendants.

CHERRY, J.

Original proceeding for a writ of prohibition. The facts alleged are in substance: That on January 20, 1921, Henderson & Johnson commenced an action against Pingree Sugar Company in the district court of Weber county, to recover for legal services rendered, and on the following day caused a writ of garnishment to be served on Bankers' Trust Company (the plaintiff herein) as garnishee. That in due time the said garnishee answered, to the effect that it had certain shares of stock, which it held as trustee for the use and benefit of Pingree Sugar Company and its creditors and stockholders, to be distributed, etc., when they shall deliver to Bankers' Trust Company the necessary papers and documents setting forth their rights to the same. The answer was not traversed. That on the 18th day of February, 1921, Henderson & Johnson took judgment by default against Pingree Sugar Company, and thereafter procured a writ of execution thereon, and caused the same to be served on Bankers' Trust Company on March 3, 1921, with a demand for a statement of all property, etc., belonging to the judgment debtor, in its possession or control. The plaintiff, as garnishee, responded by a statement to the same effect as previously made to the garnishment, with this addition, viz.: That several other garnishments, subsequent in time to that of Henderson & Johnson, had been served upon it, that it had not received the necessary instruments showing the rights of the Pingree Sugar Company or its creditors or stockholders in the stock, and that the stock "was subject to the charges of the Bankers' Trust Company against it for its services in holding said certificates." That on July 10, 1923, the district court, upon the application of Henderson & Johnson, and without notice to the garnishee, made an order requiring the said garnishee

to turn over the stock held by it, and described in its answers and statement, to the sheriff. That on August 9, 1923, the garnishee made in said court its motion to vacate and set aside the order last mentioned, upon the grounds that said court was without jurisdiction to make the order, that the said garnishee held the stock as trustee merely for the benefit of others who had not been identified and whose interests had not been determined, that the stock was subject to other garnishments and attachments, and to other conflicting and undetermined claims, that the trust was not completed, that none of the beneficiaries thereunder had earned or acquired any interest therein, and that it could not comply with the order of the court without incurring liability to any one, other than Pingree Sugar Company, who might establish an interest in the stock, etc. That the motion was heard by the said court and denied.

The plaintiff further alleges: That it has a lien upon the stock held by it, for expenditures made and services rendered in carrying out the said trust, but does not set forth the amounts claimed by it in that behalf. It asserts that it has the further interest in said stock to surrender the same only to the rightful owners thereof after a full, complete, and final adjudication of all interests therein, failing wherein it will incur a liability accordingly. That the enforcement of the order of the district court would be a deprivation of plaintiff's property without due process of law, and deny plaintiff the equal protection of the law in violation of the Constitution of the United States. That Henderson & Johnson waived and abandoned the garnishment by omitting to take a judgment against the garnishee upon its answer, before they took judgment against the Pingree Sugar Company and by thereafter causing a writ of execution to be issued and served upon the said garnishee. Other allegations in plaintiff's petition set forth the legal reasons why it is claimed the order in question is void and in excess of the court's jurisdiction, but they disclose no additional facts. It is finally alleged that the defendants threaten to and will, unless prohibited by this court, adjudge the plaintiff guilty of contempt for its disobedience

of the order, and that it has no plain, speedy, or adequate remedy in the ordinary course of law.

Plaintiff prays for a writ of prohibition, prohibiting and enjoining defendants from issuing any commitment for contempt or from further proceeding upon said order of July 10, 1923. An alternative writ of prohibition was issued and served, whereupon the defendants filed a motion to quash the alternative writ and to dismiss the proceedings, because the facts stated are insufficient to justify a writ of prohibition or to constitute a cause of action.

The motion must be sustained. It is very doubtful whether the case presents a question of jurisdiction at all. *Bd. of Home Missions* v. *Maughan,* 35 Utah, 516, 101 Pac. 581. It is not denied that the district court has the legal power to render a judgment against a garnishee, upon regular service of a writ of garnishment and the answer of the garnishee in a proper case. The objection here is rather to the effect that the district court erroneously construed the answer as being sufficient to authorize the judgment and errone-    **1, 2** ously declined to set the judgment aside. But we pass that question, as the action must be determined by a principle upon which we entertain no doubt. "The writ of prohibition is a prerogative writ, the most extraordinary of all the writs, and is 'to be used with caution and forbearance.' " *Campbell* v. *Durand,* 39 Utah, 118, 115 Pac. 986. Comp. Laws Utah 1917, § 7408, provides:

"It may be issued by the Supreme Court, or by a district court or a judge thereof, to an inferior tribunal, or to a corporation, board, or person, in all cases where there is not a plain, speedy, and adequate remedy in the ordinary course of law."

In garnishment proceedings, the garnishee has a right of appeal from all final judgments or orders the same as in other civil cases. Comp. Laws Utah 1917, § 6753. The order complained of was made July 10, 1923. The applica-    **3** tion for the writ of prohibition herein was filed October 6, 1923, at which time the plaintiff had and still has a clear right of appeal. This court has repeatedly held that the writ of prohibition will not lie for grievances which may be redressed in the ordinary course of law by appeal. *Ducheneau*

v. *Ireland,* 5 Utah, 108, 13 Pac. 87.; *Overland Min. Co.* v. *McMaster,* 19 Utah, 177, 56 Pac. 977; *State ex rel.* v. *Morse,* 27 Utah, 336, 75 Pac. 739, 1 Ann. Cas. 711; *Campbell* v. *Durand,* 39 Utah, 118, 115 Pac. 986; *State ex rel. Carrigan* v. *Bowman,* 40 Utah, 91, 119 Pac. 1037; *Union Portland Cement Co.* v. *Pub. Utilities Comm.,* 56 Utah, 175, 189 Pac. 593.

The alternative writ is quashed and the proceedings dismissed. Costs awarded to defendants.

WEBER, C. J., and GIDEON, THURMAN, and FRICK, JJ., concur.