CITY OF FULTON, Appellant v. PUBLIC SERVICE COMMISSION et al.

### In Banc, June 13, 1918.

1. **PUBLIC SERVICE COMMISSION: Power to Fix Telephone Rates.** The Public Service Commission has power by order to fix telephone charges at rates exceeding maximums prescribed in a franchise granted by a city ordinance to a telephone company prior to the enactment of the Public Service Act of 1913. Such an order does not impair the obligation of contracts evidenced by such ordinance. [Overruling State ex rel. City of St. Louis v. Laclede Gaslight Co., 102 Mo. 472, so far as conflictive.]

2. ———: ———: **Impairment of Individual Contracts: Police Power.** All contracts made for individual subscribers by the city with a public service telephone company, through the medium of ordinances, are made in contemplation of the State's power to fix rates. Individuals cannot abridge the police power, but all such contracts are made subject to revision by an exercise of that power by the State, and its exercise does not impair the obligations of such individual subscribers.

Appeal from Cole Circuit Court.—*Hon. J. G. Slate,* Judge.

AFFIRMED.

*E. L. McCall* and *A. T. Dumm* for appellant.

(1) The ordinance contract is an agreement upon charges for service—hence not to be considered as an ordinance "to fix" and determine the charges; a contract which cannot be impaired by a subsequent law of the State, fixing higher rates. The telephone company having received the benefits accruing to it, for a period of seventeen years, by the performance, on the part of the City of Fulton of its obligations under ordinance franchise contract, is now estopped from denying the validity of said contract. State ex rel. City of St. Louis v. Gas Light Co., 102 Mo. 475. The Public Service Act from which the Commission claims

the power to raise the rates established in the contract, franchise, is directly in violation of Section Ten of Article One of the Constitution of the United States, and Section Fifteen, Article Two, of the Constitution of Missouri, as the impairment of the obligation of a contract. Said Ordinance is a valid and subsisting contract between the telephone company and the city. (2)  The Public Service Act of 1913 cannot be upheld as against this plaintiff, as an exercise of the police power of sovereignty. Cooley's Const. Lim., star p. 577, and cases cited; St. Louis v. Gaslight Co., 70 Mo. 69; Dillon's Mun. Corp., sec. 303. The power to fix rates for the exercise of public franchise is a valid subject-matter of contract between the State and the person exercising such public function, and when it has once been regulated and fixed by contract, the State and its representative are bound by the terms of the contract so made. Stone v. Loan & Trust Co., 116 U. S. 307. A municipal assembly is a delegated agency of the State for purpose of local government. Within its lawful sphere its ordinances have the force of laws. It may also enter into contracts in pursuance of powers to that effect, and such contracts, when so made, are not subject to be impaired nor abrogated by subsequent laws against the will of the parties thereto. Springfield v. Railroad, 85 Mo. 674; City of Kansas v. Corrigan, 86 Mo. 67; City of California v. Bunceton Telephone Co., 112 Mo. App. 722. A contract between the State and a corporation created thereunder is formed in the grant and acceptance of the charter of corporate life and franchise; the acceptance of such charter completes its binding force and obligation upon the Legislature according to the terms thereof—and the Legislature cannot pass a law impairing the obligation of preexisting contracts—a fortiori. Cooley's Constitutional Limitations, p. 241; College v. Woodward, 4 Wheat. 518; Von Hoffman v. Quincy, 4 Wall. 430; Gas Co. v. Gas Co., 115 U. S. 683. Any act of either party to change the rates, would be impairing the obligation of a contract, and void; and the

fact that said contract was made prior to the enact-
ment of the Act of 1913 creating the Public Service
Commission, places it under the protection of Sec-
tion 15, Article 2, of the Constitution of Missouri.
St. Louis v. Gas Light Co., 70 Mo. 97-98; Special
Charter City of Fulton, Session Laws 1859, p. 264;
Building Co. v. Tel. Co., 88 Mo. 272; State ex rel. v.
Roach, 267 Mo. 317; Cooley, Const. Lim. (5 Ed.) 712.

*Alex Z. Patterson,* General Counsel and *James D.
Lindsay,* Assistant Counsel, for Public Service Com-
mission.

(1) The charter of the City of Fulton did not give
it the power to fix rates for telephone service by an
unalterable contract.    The contract, effected by the
passage of the ordinance and acceptance thereof, was
entered into by the city and the company subject to
the reserved right of the State to employ its police
power to compel a change of rates when conditions
should demand a change.   Benwood v. Public Serv.   Com-
mission, 75 W. Va. 127, L.   R. A. 1915C, 261; State   ex rel.
Webster v. Superior Court, 67 Wash. 37, L. R. A. 1915C,
287; City of Woodburn v. Public Service Commission,
161 Pac. (Ore.) 391, L. R. A. 1917C, 98; Yeatman v.
Towers, 126 Md. 513; Dawson v. Dawson Telephone
Company, 137 Ga. 62; North Wildwood v. Public
Utility Commission, 88 N. J. L. 81; Kenosha v. Keno-
sha Home Telephone Company, 149 Wis. 338; Mani-
towoc v. Manitowoc & N. Traction Co., 145 Wis. 13;
Duluth Street Railway Company v. Railroad Com-
mission, 161 Wis. 245; Pioneer Telegraph & Tele-
phone Co. v. State, 33 Okla. 724; Marquis v. Polk Co.
Telephone Co., 158 N. W. (Neb.) 927; City of Emporia
v. Emporia Telephone Company, 88 Kan. 443, 90 Kan.
118; Milwaukee Elec. R. & Lt. Co. v. Railroad Commis-
sion, 238 U. S. 174; Wyandotte Co. Gas Company v.
State of Kansas, 231 U. S. 622; Home Telegraph &
Telephone Company v. Los Angeles, 211 U. S. 265;
Stanilaus County v. San Joaquin Co., 192 U. S. 201;
Freeport Water Company v. Freeport City, 180 U. S.

587; Rogers Park Water Company v. Fergus, 180 U. S. 624. (2) Corporations created by the State for public service or for governmental purposes, cannot, by contracts upon subjects within the regulatory and restrictive powers of the State, remove those subjects from the dominion of the State. The contract carries with it the infirmity of the subject-matter. State ex rel. Wabash Railway Company v. Public Service Commission, 271 Mo. 270; Tobacco Company v. St. Louis, 247 Mo. 374; Duluth Street Railroad Company v. Railroad Commission, 161 Wis. 245; Louisville & Nashville Railroad Company v. Mottley, 219 U. S. 467; Yeatman v. Towers, 126 Md. 513; Portland Railway, L. & P. Co. v. Railway Commission, 229 U. S. 397; Railroad v. Minneapolis, 232 U. S. 430. (3) Authority to fix rates of public service corporations is a legislative function and prerogative of the State, and a surrender of this sovereign right can be found to have been made only by virtue of a grant so absolute, and unequivocal in its terms that no doubt can be entertained as to its meaning. Milwaukee Elec. R. & Light Co. v. Railroad Commission, 238 U. S. 174; Home Telephone & Teleg. Co. v. Los Angeles, 211 U. S. 265; Benwood v. Public Service Commission, 75 W. Va. 127, L. R. A. 1915C, l. c. 266; Stanilaus v. San Joaquin etc. Co., 192 U. S. 201, 210; Freeport Water Co. v. City of Freeport, 180 U. S. 587. (4) Municipal corporations possess and can exercise only such powers: (a) as are granted to them in express words, or (b) are necessarily or fairly implied in or incident to the powers expressly granted, or (c) are essential to the declared purposes of the corporation, not simply convenient, but indispensable. City of St. Louis v. Bell Telephone Company, 96 Mo. 628; 1 Dillon, Municipal Corporations (3 Ed.), sec. 89. (5) The City of Fulton, under its charter, had no power: (a) To fix rates by compulsion. State ex rel. Garner v. Tel. Co., 189 Mo. 83; Union Electric L. & P. Co. v. St. Louis, 253 Mo. 592; City of St. Louis v. Bell Telephone Co., 96 Mo. 623. (b) To fix, by contract, rates for an in-

determinate period, such authority being neither expressly granted, nor necessarily implied, nor indispensable. Section 10, Charter of City of Fulton, Laws 1859, pp. 263-4-5; Benwood v. Public Service Commission, L. R. A. 1915C, 261.

BLAIR, J. —The city appeals from an affirmance of an order of the Public Service Commission fixing telephone charges at rates exceeding maximums prescribed in a franchise granted by city ordinance in 1900 to the telephone company. It is stipulated that the only question involved is "the authority of the Public Service Commission of Missouri to order an increase of telephone rates and charges over the rates and charges provided for in Ordinance No. 62 of the City of Fulton." Relator's contention is that the order of the Commission impairs the obligation of the contract evidenced by the ordinance mentioned.

The question was decided in State ex rel. Sedalia v. Public Service Commission, 275 Mo. 201, and we adopt the ruling there made. The suggestion that the rights of individual subscribers are involved is answered by the rule that individuals cannot abridge the police power by contracts made under an ordinance subject to revision under that power. [Knoxville Water Co. v. Knoxville, 189 U. S. 434.] All such contracts necessarily are made in contemplation of the State's power to fix rates. This disposes of the idea that the revision of rates impairs the obligation of contracts.

In view of what is written in the Sedalia case it is necessary to overrule State ex rel. St. Louis v. Laclede Gaslight Co., 102 Mo. 472, in so far as it conflicts with that decision. The result in that case was right on other grounds, as the record shows. Sloan v. Railroad, 61 Mo. 24, is not necessarily in conflict with the conclusion in the Sedalia case. The Sloan case was based upon legislation enacted prior to the adoption of the Constitution of 1875.

The judgment is affirmed. All concur.