## KANSAS CITY BOLT & NUT COMPANY, Appellant, v. KANSAS CITY LIGHT & POWER COMPANY.

### In Banc, July 24, 1918.

1. **PUBLIC SERVICE UTILITY: Contract Rate: Commission Rate.** Where a public service corporation by written contract agreed to supply electric energy to a private manufacturing company for a designated length of time at designated rates, higher rates subsequently fixed by the State Public Service Commission by the adoption of a schedule of rates applicable for all service of the kind furnished by the public utility, if reasonable, supersede such contract rates, and the manufacturing company is not entitled to an injunction restraining the public service corporation from discontinuing the service upon a refusal to pay such higher rates.

2. ———: ———: **Police Power.** The power to fix the price at which a public utility corporation is to furnish electricity to the public arises from the police power of the State, which under the Constitution cannot be abridged by contract between the corporation and private citizens; and where the Legislature has by statute designated the Public Service Commission as the instrumentality to exercise such rate-making power, and it in conformity with the statute fixes a schedule of reasonable rates for public service within the bounds of a city, its rates automatically supersede all contract rates coming in conflict with them.

Appeal from Jackson Circuit Court.—*Hon. Willard P. Hall,* Judge.

AFFIRMED.

*Rees Turpin* for appellant.

(1) The contract upon which this case turns was lawful and valid when made and was made before the Public Service Commission Act of 1913 was enacted. Bell v. Mulholland, 90 Mo. App. 612; Sec. 3367, R. S. 1909; Moorshead v. United Railways Company, 203 Mo. 121; State ex rel. St. Joseph Water Company v. Eastin, 270 Mo. 193, 192 S. W. 1006; Door Company v. Fuelle,

275 Mo.—34

215 Mo. 421; Johnson v. United Railways, 247 Mo. 326; State ex inf. v. Standard Oil Company, 218 Mo. 1; State ex rel. v. Water, Light & Transit Co., 249 Mo. 649. (2) The Legislature did not intend that the Public Service Commission Act should disturb contracts made before its enactment. State ex rel. v. Railroad, 262 Mo. 720. (3) It was beyond the power of the Legislature, by the enactment of the Public Service Commission Law or otherwise, to impair the obligation of a contract lawfully made. State v. Hawthorn, 9 Mo. 389; State v. George Miller, 50 Mo. 129; State ex rel. v. Miller, 66 Mo. 328; St. Vincent's College v. Schaefer, 104 Mo. 261; State ex rel. v. Board of Trustees of Westminister College, 175 Mo. 52; State ex rel. v. Trustees of William Jewell College, 234 Mo. 299; Home Telephone Co. v. Sarcoxie Light & Telephone Co., 236 Mo. 114; Detroit v. Detroit United Ry. Co., 173 Mich. 314, 242 U. S. 238; Boswell v. Security Mutual Life Insurance Company, 193 N. Y. 465, 19 L. R. A. (N. S.) 946. (4) This court has said definitely that the Public Service Commission Act does not impair the obligation of contracts made before its passage. State ex rel. v. Railroad, 262 Mo. 720; Public Service Commission v. Union Pacific Ry. Co., 197 S. W. 39; Quinn v. American Bankers Assurance Company, 183 Mo. App. 8; Zachra v. Manufacturing Company, 179 Mo. App. 683; Sweeney v. Heap Company, 194 Mo. App. 140. (5) The contract is enforceable against the defendant. K. C. Southern Ry. Co. v. Guardian Trust Co., 240 U. S. 166; Northern Pacific Ry. Co. v. Boyd, 228 U. S. 482; Johnson v. United Rys. Co., 247 Mo. 360. (6) Plaintiff is entitled to injunctive relief. Sedalia Brewing Co. v. Sedalia Water Works Co., 34 Mo. App. 49; Jaccard Jewelry Co. v. O'Brien, 70 Mo. App. 432; Burke v. Olquott Water Co., 84 Vt. 121, 33 L. R. A. (N. S.) 1015; Gordon v. Mansfield, 84 Mo. App. 367; Overall v. Ruenzi, 67 Mo. 203; Western Union Telegraph Co. v. Guernsey & Scudder Electric Light Co., 46 Mo. App. 120; Albers v. Merchants' Exchange, 39 Mo. App. 583; Wills v. Forester, 140 Mo. App. 321.

*John H. Lucas* for respondent.

(1) The bill states no ground of equity. R. S. 1909, sec. 2534; Burgess v. Kattelman, 41 Mo. 480; Hopkins v. Lovell, 47 Mo. 102; Sternes v. Franklin Co., 48 Mo. 167; Carpenter v. St. Joseph, 263 Mo. 713; Primm v. White, 162 Mo. App. 605; School Dist. v. McFarland, 154 Mo. App. 419; Graden v. Parkville, 114 Mo. App. 533; Strother v. Cooperage Co., 116 Mo. App. 518; Victor Mining Co. v. Morning Star Min. Co., 150 Mo. App. 525. (2) The contract is against public policy, and void at common law. Mo. Constitution, art. 12, sec. 5; Collyer on Public Service Companies, sec. 126, p. 274; Ib., secs. 127 and 129, pp. 276 and 281; State ex rel. v. Ins. Co., 152 Mo. 1; Karnes v. Ins. Co., 144 Mo. 413; 2 Purdy Beach on Private Corporations, p. 1367, par. 609; Ib., pp. 1287, 1370, 1438, 1474; Laws 1891, p. 186; R. S. 1909, chap. 98; R. S. 1909, sec. 10316; R. S. 1909, sec. 10319; 2 Wyman on Public Serv. Corp., pars. 1314, 1316, 1318; Home Tel. Co. v. Coxey Tel. Co., 236 Mo. 114; Tranberger v. Railroad Co., 250 Mo. 55; Powell v. Railroad Co., 250 Mo. 462; State ex rel. v. Roach, 267 Mo. 315; State ex rel. v. Roach, 267 Mo. 314. (3) The contract is void under Commission Act. Atlantic Coast Line v. Riverside Mills, 219 U. S. 186, 208 L. Ed. 167; Louisville & Nashville v. Mottley, 219 U. S. 467, 55 L. Ed. 297; Penny & Boyle Co. v. Los Angeles Gas & El. Co., L. R. A. 1915-C, p. 282; Pulitzer v. McNichols, 172 Mo. App. 709; Rosenberger v. Express Co., 258 Mo. 97; Harvest King Distillery v. Express Co., 192 Mo. 173; State ex rel. v. K. C. Gas Co., 245 Mo. 515; Public Service Com. Act, Laws 1913, secs. 68-69; Public Service Comm. v. Union Pacific, 197 S. W. 40. (4) The Public Service Commission Act controls alleged contracts made before its passage. State ex rel. Roach, supra.

WILLIAMS, J.—The plaintiff seeks to enjoin the defendant from discontinuing the supply of electric energy to plaintiff's manufacturing plant as provided

under the terms of a certain contract entered into on the 6th day of September, 1912, by and between the plaintiff and defendant's predecessor. Upon a trial had before the circuit court of Jackson County judgment went for defendant. Plaintiff duly appealed.

The facts necessary to an understanding of the issues involved are few and simple and may be summarized as follows:

On September 6, 1912, the predecessor of the defendant power company, a public service corporation located at Kansas City, Missouri, entered into a contract with the plaintiff corporation whereby, for a certain specified price and during the life of the contract, it agreed to supply electric energy for the operation of the plaintiff's manufacturing plant located within the corporate limits of said city.

On April 17, 1917, the Public Service Commission, proceeding in conformity with the provisions of the Public Service Commission Act, after a valuation was made and full hearing had, made an order establishing a schedule of rates which the defendant company should be permitted to charge for electric energy at Kansas City, Missouri.

It is not necessary that the details of the contract rates nor of the rates established by the Commission be given (because the legality of the Commission rate is not involved upon this appeal), but it is sufficient for the purpose of this case to say that the cost to plaintiff for the electric energy required to operate its plant was higher under the rates established by the Commission.

The defendant threatened to discontinue the service if the appellant longer refused to pay the rate which had then been placed on file with the Public Service Commission and which was afterwards established as the proper rate by the Commission.

The appellant relying upon the contract refused to pay the amount demanded and instituted this suit.

While there are some minor propositions discussed in the briefs there is one main question which will dis-

pose of the case. We shall therefore confine our discussion to the one main question, viz.:

Did the order of the Public Service Commission fixing the rates which the defendant company could charge for electric energy at Kansas City, Missouri, supersede the rates fixed by the contract theretofore existing between the parties?

Under the recent holding in the cases of State ex rel. City of Sedalia v. Public Service Commission et al., 275 Mo. 201, and City of Fulton v. Public Service Commission, 275 Mo. 67, the above question must be answered in the affirmative.

In the Sedalia case supra it was held by Division One that the schedule of reasonable water rates fixed by the Public Service Commission superseded the rates fixed by contract between the municipal corporation and the public service corporation. It was there held (1) that the power to make rates for public service arises from the police power of the State; (2) that the instrumentality designated by statute to exercise such rate-making power is the Public Service Commission; (3) that under the provision of Section 5 of Article 12 of the Constitution of Missouri the police power cannot be abridged by contract; (4) that therefore when the Public Service Commission fixes a schedule of reasonable rates for public service in conformity with the provisions of the Public Service Commission Act such rates automatically supersede all contract rates coming in conflict therewith.

The above case was cited and approved by Court in Banc in the Fulton case supra.

The principle involved in the case at bar is the same as that involved in the two cases cited.

No valid reason can be stated why a rate contract entered into between a private manufacturing corporation and a public service corporation (as is the situation here) would not (if permitted to stand) be just as much an abridgement of the rate-making power of the State as would a rate contract between a muni-

cipality and such public service corporation (as was the situation held in judgment in the cases above cited).

Appellant's present contentions have been fully answered in the cases above cited. Further discussion is therefore unnecessary.

For the reasons stated in those cases we hold that the contract rates involved in the case at bar must give way to the rates fixed by the Commission. It therefore follows that the judgment should be affirmed. It is so ordered. *Walker, Faris, Blair* and *Woodson, JJ.*, concur; *Bond, C. J.,* concurs in the result.